Filed March 19, 1895.

———————◆———————

No. 869.

## Louisville, New Albany and Chicago Railway Company v. Holsapple.

RAILROAD.—*Complaint for Damages for Injuries to Passenger While Alighting from Train.*—*Unsafe Place.*—That the complaint is sufficient when the *gravamen* of the action is that the railway company failed in its duty to provide the plaintiff, a passenger, with a reasonably safe place in which to alight from the car, and in inducing her to alight at a point other than the regular station, while she was under the belief, induced by the defendant, that she was about to alight upon the platform of the regular station, see opinion.

SAME.—*Injury to Passenger While Alighting.*—*Contributory Negligence.*—*Law and Fact.*—Where a passenger, on arriving at her destination, went upon the platform of the car, the night being dark and no light except that of a lantern held by a brakeman, and descended the steps, holding to the railing, when the brakeman took hold of her arm and said, "Now, you will have to take a little jump," and the brakeman overbalanced her, and she fell down to the ground (three or four feet) the brakeman falling on her, she believing at the time she attempted to alight that she was at the depot platform and did not know otherwise until she fell,—the court can not say, as a matter of law, under such circumstances, that she was guilty of contributory negligence, but it is a question for the jury.

WITNESS.—*Expert.*—*Basis of Opinion.*—An expert witness, in giving his opinion, must first state all the facts upon which he bases his opinion.

SAME.—*Nonexpert.*—*Opinion as to Physical Condition or Health.*—A nonexpert witness may give an opinion as to the health or physical condition of another, based upon facts within his personal knowledge first stated.

EVIDENCE.—*Res Gestæ.*—Statements made by a passenger and a brakeman, who had fallen, made immediately after they had arisen from the fall, constituted part of the *res gestæ*.

From the Orange Circuit Court.

*E. C. Field, G. W. Krietzinger* and *W. Farrell,* for appellant.

*J. A. Zaring* and *M. B. Hottel,* for appellee.

LOTZ, C. J.—The appellee was the plaintiff below. In her complaint she alleges that on the —— day of September, 1891, the defendant owned and operated a railroad and was a common carrier for hire, engaged in transporting passengers and freight "over and upon its said road; that on said day defendant run over and upon its said road a certain passenger train, on which it carried passengers, and upon which this plaintiff took passage from the town of Salem, in Washington county, Indiana, to Saltilloville, in Washington county, Indiana; that plaintiff paid her fare between said points, and defendant undertook to safely carry her from said town of Salem to said town of Saltilloville.

"And plaintiff says that defendant did not so carry her, but that defendant, in making the stop at said town of Saltilloville, carelessly and negligently stopped said train so that the car on which plaintiff was a passenger did not reach the depot or depot platform at said station, and defendant, when it made said stop, by its agents, the conductor and brakeman of said train, whose duty it was to call out the stations along said road, called out the station of Saltilloville, and thereby invited its passengers for said station to get off; and defendant, by its said agents, thereby carelessly and negligently procured the plaintiff to get off said train, at the point where defendant had stopped the said car on which the plaintiff was a passenger as aforesaid; and plaintiff, supposing that said train had stopped at the depot platform of said station, it being in the night time, and plaintiff being unable to see, and not seeing and not knowing but that she was getting off onto the platform at said station, and

thinking she was getting off on said platform, at the invitation and procurement of defendant's said agents, and by the assistance of defendant's said brakeman on said train, whose duty it was to assist her in getting off said train, and who, in so assisting her, was acting strictly in the line of his duty as such brakeman, undertook to get off at said point; that, in fact, said train had not pulled up to said depot, and the point where the car on which plaintiff was, and from the steps of which she undertook to alight as aforesaid, was below said depot, and the steps of said car from which she undertook to alight, was some three or four feet from the ground, and plaintiff, in attempting to so alight from said car platform, by the assistance of defendant's said agent, the said brakeman as aforesaid, fell into a ditch or ravine along defendant's track at said point, and defendant's said agent, the said brakeman, who assisted her to alight, while acting in the line of his duty, as aforesaid, fell upon her, and plaintiff was thereby and on account of the said carelessness and negligence of defendant in procuring her to get off said car at said point, and without fault or negligence on her part, mashed, bruised and injured internally, * * * and she has been compelled to expend and incur an expense for medical and surgical attention and nursing amounting to $200, all to her damage in the sum of $20,000, and all the direct result of and caused by the carelessness and negligence of defendant in stopping its said train before it arrived at said depot platform, and procuring plaintiff to get off at said point, and defendant's said agent, the said brakeman, thereby falling on her, as above set out, and plaintiff was wholly without fault or negligence on her part, and in nowise contributed to said **occurrence or to her said injuries resulting therefrom.**"

A demurrer was overruled to the complaint and this is the first error assigned.

It was the duty of the railway company, under the averments, to transport the appellee from Salem to Saltilloville, and, in doing so, it was required to exercise the highest degree of care, and it is responsible for the slightest neglect, if injury resulted therefrom. *Jeffersonville R. R. Co.* v. *Hendricks, Admr.*, 26 Ind. 228. It was its duty also to provide reasonably safe places for its passengers to alight, and, in running and conducting its trains, to stop at the regular stations and safe places for alighting. *Terre Haute, etc., R. R. Co.* v. *Buck, Admx.*, 96 Ind. 346 (356). The appellee, under the circumstances averred, had the right to assume that she was alighting at the regular station and upon the platform provided for that purpose. *Kentucky, etc., Co.* v. *McKinney*, 9 Ind. App. 213.

The appellant contends that the immediate and proximate cause of the injury was the fall of the brakeman; that this fall being accidental the injury was the result of unavoidable accident for which it can not be held responsible. It is true that the fall of the brakeman was the immediate cause of the injury, but the immediate cause is not always the controlling cause.

The gravamen of the complaint is that the railway company failed in its duty to provide the appellee with a reasonably safe place in which to alight from the car, and in inducing her to alight at a point other than the regular station, whilst under the belief induced by the defendant that she was about to alight upon the platform at the regular station.

The breach of these duties was the efficient and predominating cause in producing the injury, the fall of the brakeman was but an incident in the chain of causation. Whenever a cause intervenes sufficient to screen the

author of the first or controlling cause from liability, it must appear, not only that the same injury *might* have happened, but that it *must* have happened if the act complained of had not been done. There is nothing in the complaint to indicate that the fall of the brakeman was accidental, but if it were it does not follow that the fall of the brakeman *must* have happened had the appellee been attempting to alight at the regular station and upon a platform reasonably safe for that purpose. *Terre Haute, etc., R. R. Co.* v. *Buck, supra.*

We think the complaint sufficient.

Another assignment of error is the overruling of the motion for a new trial.

The appellee testified that when the train came to a stop she attempted to alight, and for that purpose went upon the platform of the car; that the night was very dark and there was no light, except that of a lantern held by the brakeman, that she took hold of the railing and stepped down on the steps of the car when the brakeman took hold of her arm and said, "Now, you will have to take a little jump"; that he overbalanced her and that she fell down and that the brakeman fell upon her; that when she attempted to alight she thought she was at the depot platform and did not know otherwise until she fell.

Appellant insists that the evidence of appellee fails to support the theory of her complaint. The theory of the complaint is that the appellee was, by the acts of the appellant, induced to believe that the train had reached the platform of the regular stopping place, and that while under said belief induced her to alight. We think the evidence of the appellee tended to support this theory of the complaint.

Appellant also contends that the "leap in the dark,"

taken by the appellee, shows that she was guilty of contributory negligence. Her evidence tended to show that she took the "leap" at the instance of appellant's servant, and under the belief that she was at the platform. The court can not say, as a matter of law, under such circumstances, that she was guilty of contributory negligence, but it is a question for the jury. *Kentucky, etc., Co.* v. *McKinney, supra.*

The appellee propounded to one of her witnesses, a medical expert, this question: "Now, from what you learned from the patient, and from the condition in which you found her womb, as to which I asked you a moment ago, state what, in your opinion, was the cause of this unnatural growth there—you may state what your opinion is as to that—what caused this unnatural growth?"

Appellant's objection to this question was overruled.

The rule is well established that an expert witness, in giving his opinion, must first state all the facts upon which he bases his opinion. Before this question was propounded, the witness had testified fully as to the examinations he had made and the condition he found his patient, and he had also detailed to the jury what he had learned from her. We think it apparent that the opinion called for was based upon the facts already before the jury as disclosed in his own testimony.

To another medical expert, the appellee propounded this question: "Well, from the examinations you have made on these different occasions since the accident occurred, you may state, doctor, whether or not the injuries as you have found them, are temporary or permanent."

The witness, before this question was propounded, had testified fully as to the different examinations made by him. We think there was no error in overruling appel-

Louisville, New Albany and Chicago Railway Company v. Holsapple.

lant's objection under such circumstances, nor was there any error in permitting the appellee to give in evidence complaints of suffering and expressions of existing pain. *Louisville, etc., R. W. Co.* v. *Falvey,* 104 Ind. 409; *Cleveland, etc., R. R. Co.* v. *Newell,* 104 Ind. 264; *Board, etc.,* v. *Pearson,* 120 Ind. 426.

Complaint is made of the action of the court in permitting the appellee to prove by nonexpert witnesses the state or condition of health of the appellee both prior and subsequent to the injury. There was no error in this. A nonexpert witness may give an opinion as to the health or physical condition of another, based upon facts within his personal knowledge first stated. *Carthage Turnpike Co.* v. *Andrews,* 102 Ind. 138; Lawson's Expert and Opinion Ev., 470.

The appellee was permitted to give in evidence certain statements made by herself and the brakeman immediately after rising from the fall. These statements were a part of the *res gestæ,* and properly admitted. *Louisville, etc., R. R. Co.* v. *Berry,* 2 Ind. App. 427.

The appellant complains of certain instructions given by the court on its own motion, and of the action of the court in refusing certain instructions asked by it. After a careful examination of all, we are of the opinion that there was no reversible error in the action of the court.

Judgment affirmed at costs of appellant.

Filed Nov. 22, 1894; petition for rehearing overruled Feb. 20, 1895.