[Civil No. 2305.   Filed June 19, 1925.]

[237 Pac. 189.]

## PHOENIX RAILWAY COMPANY OF ARIZONA, a Corporation, Appellant, v. CARLOS AYALA, Appellee.

1. DAMAGES—PLAINTIFF MUST SHOW CAUSAL CONNECTION BETWEEN ACCIDENT AND HERNIA.—In action by an employee under Employers' Liability Law for a hernia, alleged to have been suffered in an accident in defendant's employ, it was incumbent on plaintiff to show causal connection between accident and hernia.

2. DAMAGES—JURY'S VERDICT, AS TO CAUSAL CONNECTION OF ACCIDENT WITH HERNIA, HELD SUPPORTED BY EVIDENCE.—In an action under Employers' Liability Law for hernia, caused by accident, while in defendant's employ, where there was no medical testimony as to causal connection between accident and hernia, but plaintiff testified to injury and its effect, and judge submitted this issue to jury, *held* that jury's verdict was supported by the evidence, and should not be disturbed.

3. APPEAL AND ERROR—DEFENDANT CANNOT URGE AS GROUNDS FOR REVERSAL GIVING OF CHARGE, EFFECT OF WHICH WAS TO LIMIT PLAINTIFF'S DAMAGES.—Where plaintiff brought two causes of action under Employers' Liability Law, defendant cannot urge, as grounds for reversal, an instruction the effect of which was to limit plaintiff's recovery to damages proved in first cause of action, and exclude damages described in second cause of action.

4. DAMAGES—TWO THOUSAND DOLLARS NOT EXCESSIVE FOR INJURIES FROM HERNIA.—Where a loss of $420 wages, expenses of operation,

---

1.  See 28 R. C. L. 813.

2.  Necessity and sufficiency of evidence that hernia suffered by applicant for compensation is attributable to his employment, see note in 20 A. L. R. 48.

3.  See 14 R. C. L. 15.

hospital fees and cost of trusses, was shown, and jury had right to consider effect of injury on earning power, $2,000 damages for sustaining hernia was not grossly excessive, or given under passion and prejudice.

See (1) 17 C. J., p. 1024, n. 56.   (2) 4 C. J., p. 852, n. 56; 17 C. J., p. 1042, n. 28.   (3) 4 C. J., p. 918, n. 42.   (4) 17 C. J., p. 1099, n. 17.

APPEAL from a judgment of the Superior Court of the County of. Maricopa.   Fred C. Struckmeyer, Judge.   Affirmed.

Messrs. Chalmers, Stahl, Fennemore & Longan, and Mr. Luther P. Spalding, for Appellant.

Mr. Jesse C. Wanslee, for Appellee.

ROSS, J.—This action was brought under the Employers' Liability Law (Civ. Code 1913, pars. 3153–3162) for damages on account of personal injuries claimed to have been caused by an accident due to a condition or conditions of plaintiff's occupation as a workman in defendant's repair-shop at Phoenix.   The defendant is a street railway company operating its lines in the streets of Phoenix, the motive power being electricity.

The case was tried on plaintiff's first amended complaint, filed November 28, 1923.   This complaint set out two separate causes of action: The first alleges in brief that on April 28, 1922, plaintiff slipped and fell against a car-brake from which he suffered a severe bodily injury, commonly known as hernia or rupture, of the lower abdomen; the second alleges that on July 5, 1923, while plaintiff was at work unloading heavy .iron wheels he was overcome, weakened, and strained and as a result of said strain a hernia or rupture immediately thereafter developed. The answer consisted of a general demurrer and general denial.   A jury trial was had, which resulted in a

verdict and judgment for plaintiff for $2,000, and defendant appeals.

The defendant asks for a reversal upon three grounds, but, before we state these grounds or undertake their consideration, we will explain that it is apparent the case is here largely because of the plaintiff's misconception of his rights, and the consequent incorrect method of stating them in his complaint. It appears from the record that the two hernias—the one of April 28th and the one of July 5th—were in fact the same hernia, the latter being only a recurrence of the first, brought on by reason of the strain in lifting the heavy weights. It is plain the plaintiff had but one cause of action against the defendant and that he should have so presented it in his pleadings. No objection, however, was made on this account.

It was questioned on the trial whether the accident, causing plaintiff's injury, was due to a condition of his occupation, or whether such occupation was classified under the Employers' Liability Law as hazardous, or whether plaintiff's injuries were sustained in any accident alleged or shown to have taken place. But on this appeal the first two contentions are abandoned and the last only is relied on. It is now insisted that the evidence fails to show any causal connection between the accident of April 28th and plaintiff's hernia. Of course it was incumbent upon plaintiff to show such connection by competent evidence. At the trial it seemed to be taken for granted that prior to April 28th plaintiff was not afflicted with the physical ailment that shortly thereafter developed. We take it therefore that he had no hernia prior to that time. Shortly thereafter he was suffering with a well-developed hernia. No medical testimony was introduced to that effect, but plaintiff was permitted to state that some time in September, 1922, a physician diagnosed his case as hernia. There was no evidence offered of any other cause for the hernia

than the fall against the car-brake. The place where the hernia afterwards appeared is the place where the car-brake struck plaintiff when he slipped and fell on April 28th. The shock was so severe that plaintiff could not walk for from one to three minutes. He suffered, as he says, "big pain." A red spot and two cuts appeared, and the fourth day a lump came that looked like a hit on the head with a stick or stone. That night plaintiff's mother treated the wound with hot salt water applications and bandaged it with cloths. He stayed in bed part of Saturday, the day following the accident, and continued the use of hot applications over Sunday. On Monday he applied for a permit to go on vacation, which was denied him till he finished a job he was then on. He finished the job in two or three days and left for Mexico, where he stayed four months. He took vacation because he did not feel able to follow hard work; felt better while away but noticed hernia in August; resumed work for defendant in September and after week or two saw Dr. C. B. Palmer, who told him he would have to be operated on; not then being able to pay expenses of operation wore trusses for about six months when he laid trusses aside as being well; four or five weeks thereafter had the accident of July 5th, and on July 9th was operated on for hernia.

This is substantially the evidence tendered to prove the hernia was caused by the accident of April 28th. The sufficiency of it was raised by motions for an instructed verdict at the close of plaintiff's case and at the close of the whole case. The learned trial judge expressed doubt of its establishing a causal connection between accident and hernia, but concluded to allow the jury to pass on the question.

We think the plaintiff ought to have supported his contention that hernia was or might have been the result of such injury by expert medical testimony.

On the other hand, if such could not be, it would have been a very easy matter for the defendant to show it. We conclude the jury's verdict is supported by the evidence on that issue, and that we should not disturb it. The second ground urged by defendant for reversal was the giving of the following instruction:

"And if you find from the evidence that the hernia from which plaintiff suffered in July, 1923, was the same as that complained of by plaintiff in his first cause of action, then I charge you that he is not entitled to recover under his second cause of action."

The complaint is that this instruction authorized the jury to find that the injury of July was the same as that of April, and directed them, if they so found, not to allow any damages for the July injury. Just how this could have hurt the defendant, we are unable to see. Whatever its actual, its possible effect was to limit plaintiff's damages to what the proof showed he suffered by reason of the accident described in the first cause of action, and to exclude damages suffered by the accident described in his second cause of action.

Finally, it is contended the verdict was grossly excessive and plainly given under the influence of passion and prejudice. The verdict is not a very large one, being for $2,000 only. There is nothing in the record to indicate that the jury acted under wrong influences. It certainly cannot be so concluded from the size of the verdict alone. An actual financial loss of $420, four months' wages, was shown; also the expenses of an operation, hospital fees and some trusses that plaintiff was compelled to buy and use in connection with his hernia. In addition, the jury had a right to take into consideration in estimating plaintiff's damages, the character of his injury as being permanent or otherwise, and its probable effect upon his future earning power, also any pain or suffering he may have endured by reason of his in-

jury. We are convinced that this assignment is not well founded.

This disposes of all the propositions of error presented by the appellant, and leads to an affirmance of the judgment.

McALISTER, C. J., and LOCKWOOD, J., concur.