HAMLIN *vs.* N. H. BRAGG & SONS (TWO CASES).

Penobscot.     Opinion June 19, 1930.

*A. M. Rudman,*
*George E. Thompson,* for plaintiffs.
*Fellows & Fellows,* for defendants.

Sitting: Pattangall, C. J., Dunn, Sturgis, Barnes, Farrington, JJ. Philbrook, A. R. J.

Dunn, J. Two tort actions. Liability having been previously determined (128 Me., 358), the cases were submitted together to the jury, touching damages. A single bill of exceptions, and two motions of similar tenor, bring the cases forward. There is but one exception. It goes to the refusal to strike out evidence. Both motions are on the ground of excessive damages.

The case of Charles M. Hamlin, the junior of that name, will have consideration first.

On July 22, 1927, the automotor of the defendant struck and injured this plaintiff, a boy five years old, while he was walking across a highway in Orono. He was thrown in the air, and fell back upon concrete pavement. He sustained, there is no dispute in the record, a complete simple transverse fracture of the middle of his left femur or thigh bone; also, concussion of his brain, and bruises about his head and arms. For a year afterward, he had headaches.

Amended declaration alleges as a further resultant injury, permanent unless relieved by operation, a left-inguinal hernia.

Plaintiff has a verdict, based solely on pain and suffering, for $5,000.

After reduction of the fracture, it was necessary to use weights on the limb, plaintiff lying on his back, in the hospital, for approximately eight and one-half weeks, the leg extended at an angle of ninety degrees.

His leg was in a cast for four weeks. After this, he was in a chair for one week, next crawled, then used a crutch, and later a cane.

At the trial, at the January, 1930, term of the Superior Court in Penobscot county, witnesses were in agreement that recovery had been good.

Less than a year from the accident, or when plaintiff had been on his feet for five or six months, the hernia was noticed for the first time.

On this branch of the case, defendant moved the trial court to strike the evidence from the record, urging that causal connection between the accident and the hernia could not be inferred with

reasonable certainty. The evidence was not stricken. To the refusal to strike, exception was saved.

A jury, in awarding damages for an injury, may not be allowed to guess what caused it, but a cause may be inferred by the jury from proven facts.

The opinion evidence was meager. A surgeon, who, on the day before, had examined plaintiff for the hernia, was called to the witness stand. The surgeon was asked these questions and made these answers, on direct examination:

"Q. In your opinion could such a hernia as you found yesterday have been produced by trauma?

"A. It is possible for such a hernia to be produced by an injury.

"Q. What do you mean by trauma, Doctor?

"A. Trauma is infliction of injury. Any means by which a person is hurt or injured, the general term is trauma."

The questions asked or the answers made did not, in any way, specify whether, in the opinion of the witness, the hernia was caused by the accident, or the injury was sufficient to cause the condition, or might have caused it. The testimony was merely that such a hernia as the plaintiff had could have been produced by an injury.

This opinion evidence was not the only evidence. There was believable evidence of facts, from which the jury, aided by the opinion evidence, could have drawn the inference that the accident was the proximate cause of the hernia.

The other evidence described the plaintiff without preëxisting ailment, not examined at the hospital for hernia, free from other accident, closely with his parents after the accident until the trial, and, in the interim, examined by different physicians.

Whether the particular accident was the actual cause of the hernia was not for the trial court to rule, but a question for the jury. *Walsh* v. *Chicago, etc., Co.*, 135 N. E., 709.

Than the accident, no other cause for hernia was suggested. Cross-examination elicited nothing more than that hernia is common in children without regard to accident, and sometimes congenital.

The exception must be overruled.

The next question, to come now to the motion, is whether the amount of the award is within or without reasonable bounds.

For pain and suffering, there is no fixed rule of damages. The amount is to be determined by the circumstances of each case, in the sound and advised discretion of the jury.

The burden of proof was on the plaintiff to establish the quantum of his hurt. As to the fractured femur, the bruises, the concussion of the brain, and the headaches, there was definite evidence. The size of the verdict indicates that the violence of the accident was found to have been an efficient cause of the hernia. The evidence, however, would not sustain a finding of other than a simple, reducible hernia, which a truss subjects to compression, and surgical operation would correct.

The amount of damages, in the opinion of the majority of the members of the court, is excessive in the amount of fifteen hundred dollars, and calls for the exercise of control. If plaintiff, within thirty days from the filing of mandate, remits the excessive amount and thus cures error, the motion will be overruled; otherwise, the motion will be sustained, and the case remanded for another trial.

So much for the case wherein Charles M. Hamlin, Jr., is plaintiff.

What has been said in that case, in respect to the exception, applies to the case in which Charles M. Hamlin, the senior, is plaintiff.

Mr. Hamlin, as parent of the other plaintiff, was entitled to recover for the expenses which he had reasonably incurred, and is likely to incur, in consequence of the accident, for medical and surgical care, and nursing.

His verdict is $1,391.60.

The court considers the damages as returned by the jury to be excessive to the extent of five hundred dollars. Unless the plaintiff, within thirty days from the filing of mandate, files a remittitur of that amount, the motion will be sustained, and a new trial granted. If, however, such a remittitur be duly entered, the motion will be overruled.

The mandates will be:

In the action wherein Charles M. Hamlin, Jr., by next friend, is plaintiff, exception overruled. If remittitur of fifteen hundred

dollars, within thirty days of mandate, motion overruled; otherwise, motion sustained, new trial granted.

In the other action, that by Charles M. Hamlin, Sr., exception overruled. On filing, within thirty days, of remittitur of five hundred dollars, motion overruled; otherwise, motion sustained, new trial granted.

*So ordered.*