RAYMOND A. FOOSE *v.* THE HAWLEY CORPORATION *et al.*

(No. 8734)

Submitted April 19, 1938.   Decided June 28, 1938.

*Tom B. Foulk,* for plaintiffs in error.
*Hall, Goodwin & Paull,* for defendant in error.

MAXWELL, PRESIDENT:

This is a writ of error to a judgment, based on verdict, for $900.00.

The plaintiff alleged in his declaration and offered evidence tending to prove that a left inguinal hernia of which he is suffering is the result of a mishap which occurred May 28, 1935, in a passenger elevator owned and operated by the defendant, The Hawley Corporation, in its large office building in the City of Wheeling. The Otis Elevator Company was originally a party defendant to the action, but the trial court dismissed that company, on its motion, from the proceeding.

At the time of the mishap, the plaintiff, bound for the tenth floor of the Hawley Building, was the sole passenger in the elevator, the same being in the control of an operator therein. The operator tried to stop the elevator at the tenth floor, but for some unknown reason, it traveled several feet higher and the top of the car bumped into a temporary wooden platform which had been constructed over the top of the elevator shaft for use while certain work was being done preparatory to the installation of new elevators, there being two of them. When the car stopped upon colliding with the boards, the plaintiff proposed to climb out of the car upon the roof of the building, but the operator did not approve that suggestion and immediately lowered the car as far as he could. When the car stopped in its short descent, the bottom of it was about two and one-half feet above the floor of the tenth story of the building. Further descent by the elevator could not be made because the top ends of the guide rails for the car had been cut off and the car became hooked or lodged on the tops of the shortened rails. The doors were then opened and the plaintiff, with the assistance of the operator of the car and of some persons who were on the tenth floor, got out of the car feet first, face up.

The plaintiff felt no bad effects from the occurrence that evening, nor, in fact, did he consider that there were such effects until about two weeks later when, while engaged in some light work in his lawn, he experienced a sensation of discomfort which indicated to him that probably he had developed a hernia. His immediate ex-

amination of himself disclosed a slight protrusion in the left groin. Physicians pronounced the protuberance an inguinal hernia. Plaintiff alleges that the brakes and stopping device of the car were defective, and that in such circumstances, it was negligence for the defendant to permit the car to be operated; further, that it was negligence for the defendant to permit the guide rails of the car to be shortened. Two physicians were witnesses for the plaintiff respecting the probable effects of the accident. The first one testified from information gained from a personal examination of the plaintiff and from the history which the latter gave the physician. This witness, in reply to a question whether in his opinion the elevator accident had anything to do with the hernia, answered: "In my opinion it probably in all probability was the exciting cause of the hernia." The other medical witness for the plaintiff had not examined him, but in answer to a hypothetical question wherein were set forth the facts of the accident, and his opinion elicited whether the elevator incident had anything to do with the hernia, said: "I think that it is quite possible that the accident was the cause of the hernia." And further, on cross-examination, respecting the elevator occurrence, he stated: "I think that could cause it. I think it is very probably the cause." A physician called by the defendant, in response to a hypothetical question setting forth the facts of the accident and development of the hernia testified: "I would say that the accident had nothing to do with the hernia."

It was competent for the medical witnesses to express their opinions whether the accident was or was not the cause of the hernia. " * * * an expert, speaking on a question of science, can be asked, in presence of a given effect, of what causes it either was, or might be the resultant. Such an inquiry is not regarded as speculative in any objectionable sense, but is a common and proper mode of examination." Rogers on Expert Testimony, page 35. Numerous cases have applied this rule of evidence. Illustrative: *Wood* v. *Metropolitan St. Ry. Co.,*

181 Mo. 433, 81 S. W. 152; *Louisville, N. A. & C. Ry. Co.* v. *Holsapple,* 12 Ind. App. 301, 38 N. E. 1107; *Quinn* v. *O'Keeffe,* 9 App. Div. 68, 41 N. Y. S. 116; *Hilmer* v. *Western Travelers Acc. Ass'n.,* 86 Neb. 285, 125 N. W. 535, 27 L. R. A. (N. S.) 319.

The specific points of error alleged by The Hawley Corporation are the following: (1) No causal connection between alleged tort and injury. (2) Burden of proof not sustained by the plaintiff. (3) Sufficiency of evidence to warrant inference is question of law for the court, and error committed in (a) Not sustaining the defendant's, The Hawley Corporation's, motion to exclude and direct a verdict when plaintiff rested; and (b) Not sustaining similar motion at close of case. (4) In refusing to give The Hawley Corporation's instructions numbers five, ten and eleven. (5) In giving, over defendant's objections, plaintiff's instructions numbers one, two, three and four. (6) The verdict of the jury was contrary to the clear preponderance and weight of the evidence.

Points of error numbers one, two, three and six center in the proposition whether the case presents a jury question, and, if so, first, did the evidence tend to show negligence on the part of The Hawley Corporation, and, second, was there sufficient showing of causal connection between the elevator incident and the plaintiff's subsequent physical condition to justify a verdict against the defendant? We are impressed that there were basic questions for jury determination; that the jury was warranted in finding from the evidence that The Hawley Corporation was negligent in permitting the elevator to be operated after the guide rails had been severed at the top of the elevator shaft; and that under the evidence of the two physicians who testified in behalf of the plaintiff respecting the probable cause of the plaintiff's hernia, there was justification for the jury's finding that the hernia was a result of the accident.

Point of error number four—refusal of the court to give defendant's instructions numbers five, ten and eleven. Instruction number five involved the question of

contributory negligence. Inasmuch as there was no evidence tending to establish negligent conduct on the part of the plaintiff, this instruction was properly refused. Instruction number ten would have told the jury that "there is no evidence that the equipment of said elevator was not standard and serviceable." This, we think, was unwarranted in the light of the testimony that the guide rails had been cut off near the top of the shaft. Instruction number eleven carried the statement that, as a matter of medical knowledge and experience, hernia is invariably accompanied by sharp twinges of pain and nausea, and that if the jury believed from the evidence that these elements and indications of hernia did not exist or occur in this case, they should find for the defendant. This sweeping statement of facts respecting the indicia of hernia was not, in our judgment, justified by the evidence. The medical testimony is to the effect that when an inguinal hernia develops, the patient will feel that there is something wrong with his side, and there may be pain, but the occurrence is not always nor necessarily painful. We perceive no error in the refusal of these three defense instructions.

Assignment of error number five challenges the correctness of instructions numbers one, two, three and four given to the jury by the court at the instance of the plaintiff. An examination of these instructions does not disclose any prejudicial imperfection therein, nor is our attention directed to such error by the defendant.

For the reasons set forth, we are of opinion that there was no prejudice to The Hawley Corporation at the trial. Therefore, we affirm the judgment.

*Affirmed.*