FRANK PYGMAN, *et al.*

*v.*

LON D. HELTON

(No. 12259)

Submitted January 21, 1964.     Decided February 25, 1964

*Quinlan, Nelson & Williamson, H. G. Williamson,* for appellant.

*Jenkins & Jenkins, John E. Jenkins, Jr.,* for appellee.

HAYMOND, PRESIDENT:

This is a civil action for the recovery by the plaintiffs, Frank Pygman and Eva Lee Pygman, from the defendant, Lon D. Helton, of damages for personal injuries sustained by both plaintiffs and property damage to the automobile of the plaintiff, Frank Pygman, alleged to have been caused by the negligence of the defendant. Upon the trial of the action in the Circuit Court of Cabell County the jury returned a verdict in favor of each plaintiff for $250.00. The trial court by final judgment entered April 26, 1963, denied the motion of the plaintiff Frank Pygman to set aside the judgment rendered in his favor upon the verdict of the jury on November 14, 1962. From

the judgment of April 26, 1963, this Court granted this appeal upon the application of the plaintiff Frank Pygman. No application for an appeal has been made by the plaintiff Eva Lee Pygman from the judgment rendered in her favor on November 14, 1962, and that judgment has now become final and unappealable.

The evidence in behalf of the plaintiffs shows clearly that the defendant was guilty of negligence which was the proximate cause of the collision in which the plaintiffs were injured and the automobile of the plaintiff Frank Pygman was damaged; that the damage to the automobile amounted to approximately $178.00; that the plaintiff Eva Lee Pygman, who was employed at a manufacturing plant, sustained painful but not permanent injuries to her back and her right knee and incurred doctors' fees in the amount of $130.75. As to the personal injuries sustained by the plaintiff Frank Pygman the evidence shows that his body was "thrown" against the steering wheel and his stomach was "thrown" against the inside of the automobile; that he felt no pain, except in his arms and shoulders immediately after the collision or until the next evening after it occurred. At that time he was reclining and watching television and when he "raised up" to get ready to go to bed he felt a burning and sharp pain in the lower left portion of his stomach.

The collision occurred at about 11:40 o'clock on the night of December 22, 1961, and the plaintiff Frank Pygman, believing that the pain would disappear, decided to postpone his visit to a doctor for a few days in the belief that his condition would improve. During that time, however, the pain increased and on January 2, 1962, he consulted a physician who examined him and found that he was suffering from a moderately large inguinal hernia in the left lower portion of his abdomen. Following this diagnosis he was required to submit to a surgical operation which lasted for approximately one hour to repair the hernia and as a result of the operation he was hospitalized for a period of six days. He was unable to return to his work for a period of approximately six weeks

and for a period of four months after the operation he was unable to walk in his usual normal manner. At the time of the trial he still experienced pain and tenderness in the area of the operation. As a result of the hernia he incurred doctors' charges of $150.00, hospital expenses of approximately $214.05 and loss of wages of $154,00.

The evidence with respect to the cause of the hernia consisted of the testimony of the plaintiff Frank Pygman, the surgeon who performed the operation, and a physician who examined him prior to the collision and at the time of the examination found that he did not have a hernia. The plaintiff Frank Pygman testified that in the collision his body was "thrown up into the wheel, and my stomach, and my arms were thrown against the side of the car, and my legs were jolted, my body thrown around."; that shortly after the collision he and his wife went to a hospital where his wife was examined and treated and where they remained for about an hour and a half; that he did not experience any pain the night of the accident, except that his arms and his shoulders were sore; and that the real pain he experienced occurred the next evening. Concerning the pain he gave this testimony: "Q. And where was that pain? A. It was in the lower part of my stomach on the left side, down in the lower part of my stomach, and my left testicle. Q. And what was the nature of that pain? A. Well, I had lay down and was watching television, and I got up to get ready to go to bed, and when I raised up I felt this kind of burning pain and sharp pain down there all at once, and it felt very sore and tender. Q. Had you ever experienced any such pain before? A. No, sir, I hadn't." There was also testimony by a medical witness in behalf of the plaintiff Frank Pygman that he had previously been given a medical examination in connection with his employment and that such examination did not disclose the existence of any hernia.

The testimony concerning the hernia by the surgeon who performed the operation is indicated by these questions and answers: "Q. * * * . Doctor, with your knowl-

edge of the history of this case as related to you by Mr. Pygman can you state with reasonable certainty that—whether or not with reasonable certainty this accident caused this hernia? A. The only answer that I can give, which would be—as far as—I would say that it was possible. It could cause it. It is possible. Q. May I put it this way. In view and keeping in mind a reasonable degree of medical certainty, Doctor, is this hernia consonant with an accident of this kind? * * * A. Yes, any accident or injury which increases intra-abdominal pressure can cause a hernia." On cross-examination this witness was asked these questions and gave these answers: "Q. Doctor, what type of things can cause a hernia of the type that Mr. Pygman had? For example, if I stand here and bend over like this can that cause such a hernia? A. Yes, sir, it is possible. Q. Do you see many cases of the type of hernia which Mr. Pygman has in your practice? A. Very, very frequently. Q. Do they occur many times, of the type that he had, of people who are not involved in accidents? A. Yes, sir. Q. I see. I believe that in this case you gave a medical report to one of the attorneys for the plaintiff in which you stated that it was impossible for you to tell whether the accident caused this hernia, did you not? * * * A. It is impossible for me to tell with absolute certainty whether this accident caused this hernia. Q. That is true also even with reasonable certainty, isn't it? A. Yes."

At the conclusion of the evidence introduced by the plaintiffs and after they had rested with respect to their proof the defendant moved the court to strike the evidence of the surgeon who performed the operation for the hernia on the ground that it was not sufficient to show that the hernia was caused by the collision. The court sustained the motion and instructed the jury that any damage resulting from the hernia was not a proper element of damages and directed the jury to disregard and not to consider the evidence relating to the hernia.

The defendant offered no evidence upon the trial and the case was submitted to the jury upon the evidence in behalf of the plaintiffs.

Upon objection of the defendant the court also refused to give Instruction No. 1, offered by the plaintiff, which would have told the jury that in assessing the damages of the plaintiff Frank Pygman the jury could consider the injury suffered by him, including physical pain and mental anguish endured, if any, and medical and hospital bills incurred by him, and any loss of income or wages. The instruction was refused on the ground that the only pain and disability experienced by the plaintiff Frank Pygman and the only expenses incurred and wages lost by him resulted from the hernia which, as an element of damages, had been stricken from the evidence.

The principal error assigned by the plaintiff Frank Pygman involves the action of the circuit court in striking the evidence relating to the cause of the hernia and the damages resulting from it.

It was the contention of the defendant, which was accepted by the circuit court, that in order to render admissible and sufficient the medical testimony of the surgeon who performed the operation, the surgeon was required to conclude with reasonable certainty that the collision in which the plaintiffs were involved was the proximate cause of the hernia. This contention was not well founded. Though it is necessary to establish future pain and suffering and reasonable and necessary expense of medical and nursing services to be incurred in the future by medical testimony that there is reasonable certainty that such pain and suffering will result and such expenses will be incurred, *Shreve* v. *Faris,* 144 W. Va. 819, 111 S. E. 2d 169, 15 Am. Jur., Damages, Sections 73 and 139, and the numerous cases cited in the *Shreve* case, there is no such requirement with respect to the admissibility or sufficiency of medical testimony concerning the proximate cause of an injury. Medical testimony to be admissible and sufficient to warrant a finding by the jury of the proximate cause of an injury is not required to be based upon a reasonable certainty that the injury resulted from the negligence of the defendant. All that is required to render such testimony admissible and suffi-

cient to carry it to the jury is that it should be of such character as would warrant a reasonable inference by the jury that the injury in question was caused by the negligent act or conduct of the defendant. The weight of such evidence relates to its credibility but does not render it inadmissible.

It is clear from the testimony of the surgeon who performed the operation upon the plaintiff, the testimony of the plaintiff that he had not experienced any pain before the collision in the area where the hernia occurred, and the testimony of the doctor who previously examined him in connection with his employment that he did not have a hernia, that the jury could have found that the collision was the proximate cause of the hernia, and the refusal of the circuit court to permit that evidence to be considered by the jury and its action in holding it to be insufficient and excluding it from consideration by the jury constituted reversible error.

The evidence relating to the cause of the hernia in the case at bar was as competent and sufficient to show the causal connection between the collision and the hernia as was the evidence offered to establish the cause of a hernia in the case of *Foose* v. *The Hawley Corporation*, 120 W. Va. 334, 198 S. E. 138, which this Court held to be admissible and sufficient to justify a finding of the jury as to the cause of the hernia in that case. In discussing the evidence relating to the cause of the hernia and in recognizing its admissibility and sufficiency this Court used this language in its opinion in the *Foose* case:

"Two physicians were witnesses for the plaintiff respecting the probable effects of the accident. The first one testified from information gained from a personal examination of the plaintiff and from the history which the latter gave the physician. This witness, in reply to a question whether in his opinion the elevator accident had anything to do with the hernia, answered: 'In my opinion it probably in all probability was the exciting cause of the hernia.' The other medical witness for the plaintiff had not examined him, but in answer to a hypothetical

question wherein were set forth the facts of the accident, and his opinion elicited whether the elevator incident had anything to do with the hernia said: 'I think that it is quite possible that the accident was the cause of the hernia.' And further, on cross-examination, respecting the elevator occurrence, he stated: 'I think that could cause it. I think it is very probably the cause.' A physician called by the defendant, in response to a hypothetical question setting forth the facts of the accident and development of the hernia testified: 'I would say that the accident had nothing to do with the hernia.'

"It was competent for the medical witnesses to express their opinions whether the accident was or was not the cause of the hernia. ' * * * an expert, speaking on a question of science, can be asked, in presence of a given effect, of what causes it either was, or might be the resultant. Such an inquiry is not regarded as speculative in any objectionable sense, but is a common and proper mode of examination.' Rogers on Expert Testimony, page 35. Numerous cases have applied this rule of evidence. Illustrative: *Wood* v. *Metropolitan St. Ry. Co.*, 181 Mo. 433, 81 S. W. 152; *Louisville, N. A. & C. Ry. Co.* v. *Holsapple,* 12 Ind. App. 301, 38 N. E. 1107; *Quinn* v. *O'Keeffe,* 9 App. Div. 68, 41 N.Y.S. 116; *Hilmer* v. *Western Travelers Acc. Ass'n.,* 86 Neb. 285, 125 N. W. 535, 27 L.R.A. (N.S.) 319." See also *Rutherford* v. *Huntington Coco-Cola Bottling Company,* 142 W. Va. 681, 97 S. E. 2d 803; *Hayzlett* v. *Westvaco Chlorine Products Corporation,* 125 W. Va. 611, 25 S. E. 2d 759; *Barker* v. *Ohio River Railroad Company,* 51 W. Va. 423, 41 S. E. 148, 90 Am. St. Rep. 802.

In the *Rutherford* and *Hayzlett* cases, in which no standard of reasonable certainty was mentioned or required, this Court said that the opinion evidence of a physician as to the possibility of a causal relationship between a negligent act and a subsequent condition was admissible, but that such evidence, standing alone, was not sufficient to establish such causation. In the case at bar the medical testimony of the surgeon does not stand alone but is supported by other evidence relating to the

condition before the collision and the prior absence of a hernia. For this reason those cases on the question of the sufficiency of the evidence of proximate cause are distinguishable from the instant case.

The facts relating to proximate cause in the case at bar are substantially similar to those in *Hamlin* v. *N. H. Bragg and Sons*, 129 Me. 165, 151 A. 197, in which the Supreme Judicial Court of Maine held that the testimony of a surgeon that a hernia found in a child struck by an automobile could have been produced by an injury was admissible and together with other evidence similar to that in the present case was sufficient to warrant the inference by the jury that the accident was the proximate cause of the hernia. In that case, as here, the surgeon who examined the injured person for hernia testified that the hernia could have been produced by the injury. There was evidence that the injured child was without pre-existing ailment, was not examined at the hospital for hernia, had been in no other accident, was closely associated with his parents from the time of the accident until the trial and was examined in the interim by different physicians. No cause of hernia other than the accident was presented or asserted, and the cross-examination of the surgeon elicited nothing except that hernia is common in children, regardless of an accident, and that hernia is sometimes even congenital. Upon the foregoing evidence the court said in its opinion: "Whether the particular accident was the actual cause of the hernia was not for the trial court to rule, but a question for the jury. *Walsh* v. *Chicago, etc., Co.,* 303 Ill. 339, 135 N. E. 709."

In the cited case, *Walsh* v. *Chicago Railways Company*, 303 Ill. 339, 135 N. E. 709, headnotes 3 and 4 contain this language: 3. "In an action for injuries by one struck by street car, whether umbilical hernia was a result of the accident *held* for the jury." and 4. "Court did not err in permitting a physician to testify that plaintiff's umbilical hernia was due to an injury; the question and answer in no way determining whether the hernia was caused by the accident in question or some other violence." In the

opinion the Court said: "It is strongly urged that the evidence does not justify the finding of the jury; that the verdict must necessarily be based on the conclusion that the hernia was the result of the accident. On the record before us there was evidence on which to base the jury's finding that the hernia was the result of the accident."

In Annotation 7(b) 66 A.L.R. 2d 1122, the text, citing *Bethlehem-Sparrows Point Shipyard, Inc.* v. *Scherpenisse*, 187 Md. 375, 50 A. 2d 256, contains these statements: "It is an established rule that where an injury or disease is such as to require a person skilled in medicine to determine its cause, a medical expert may testify as to his opinion thereof if it is based upon his scientific deductions from given facts; a medical expert is not barred from expressing an opinion merely because he is not willing to state it with absolute certainty; his opinion is admissible in evidence as to the cause which produced or probably produced, or might have produced, a certain physical condition; the opinion of an expert as to the probability, or even the possibility, of the cause of a certain condition may frequently be of aid to the jury, for when the facts tend to show that an accident was the cause of the condition, the assurance of an expert that causal connection is scientifically possible may be helpful in determining what are the reasonable inferences to be drawn from the facts." See also *Charlton Brothers Transportation Company* v. *Garrettson*, 188 Md. 85, 51A. 2d 642; *Oklahoma Natural Gas Company* v. *Kelly*, 194 Okla. 646, 153 P. 2d 1010.

In *Phoenix Railway Company of Arizona* v. *Ayala*, 28 Ariz. 411, 237 P. 189, an action for damages for a hernia alleged to have been caused by an accident while the plaintiff was in the employ of the defendant, there was no medical testimony as to the cause of the hernia. The plaintiff, however, testified concerning the injury and its effect and the court submitted the question of causation to the jury which returned a verdict for the plaintiff. The appellate court held that the verdict was supported by the evidence and refused to disturb the verdict.

Though the evidence of the plaintiff shows that when he arose from his reclining position he experienced pain which, for the first time, indicated the presence of the hernia and though the evidence of the surgeon was to the effect that a hernia could be caused by the act of a person bending over in the manner demonstrated by the attorney for the defendant during his cross-examination of the surgeon, there is no evidence that the plaintiff exerted himself violently or unduly in rising from his reclining position; and the record does not disclose that the attorney for the defendant, in stooping or bending his body while cross-examining the surgeon, suffered any injury or that any hernia resulted from his act of bending his body.

Upon a motion to exclude evidence the trial court should entertain every reasonable and legitimate inference favorable to the party opposing such motion fairly arising from the evidence, considered as a whole, and should assume as true facts which a jury might properly find from such evidence. See *Lambert* v. *Goodman,* 147 W. Va. 513, 129 S. E. 2d 138; *Overton* v. *Fields,* 145 W. Va. 797, 117 S. E. 2d 598; *Costello* v. *The City of Wheeling,* 145 W. Va. 455, 117 S. E. 2d 513; *Jenkins* v. *Chatterton,* 143 W. Va. 250, 100 S. E. 2d 808; *Butcher* v. *Stull,* 140 W. Va. 31, 82 S. E. 2d 278; *Prettyman* v. *Hopkins Motor Company,* 139 W. Va. 711, 81 S. E. 2d 78; *Laphew* v. *Consolidated Bus Lines, Inc.,* 133 W. Va. 291, 55 S. E. 2d 881; *Adkins* v. *Raleigh Transit Company,* 127 W. Va. 131, 31 S. E. 2d 775; *Smith* v. *Slack,* 125 W. Va. 812, 26 S. E. 2d 387; *Fielder* v. *Service Cab Company,* 122 W. Va. 522, 11 S. E. 2d 115; *Hambrick* v. *Spalding,* 116 W. Va. 235, 179 S. E. 807; *Lewis* v. *State Automobile Mutual Insurance Company,* 115 W. Va. 405, 177 S. E. 449; *Fischer* v. *Clark,* 110 W. Va. 420, 158 S. E. 504; *Jameson* v. *Norfolk and Western Railway Company,* 97 W. Va. 119, 124 S. E. 491; *Estep* v. *Price,* 93 W. Va. 81, 115 S. E. 861.

The evidence concerning the hernia excluded by the circuit court was not disputed and was sufficient to justify a reasonable inference that the hernia was proximately caused by the collision in which the plaintiffs were injured. From the excluded evidence the jury could have

found that the hernia resulted from the collision or that it resulted from some other cause. A verdict either way, based on such evidence, would be a valid verdict which should not be disturbed by the court.

It is fundamental that to permit a recovery of damages in an action basesd on negligence the negligence of the defendant must be the proximate cause of the injury for which the plaintiff seeks to recover. A few of the many cases to that effect are *Graham* v. *Wriston,* 146 W. Va. 484, 120 S. E. 2d 713; *Davis* v. *Fire Creek Fuel Company,* 144 W. Va. 537, 109 S. E. 2d 144; *Frye* v. *McCrory Stores Corporation,* 144 W. Va. 123, 107 S. E. 2d 378; *Miller* v. *Bolyard,* 142 W. Va. 580, 97 S. E. 2d 58; *Puffer* v. *The Hub Cigar Store, Inc.,* 140 W. Va. 327, 84 S. E. 2d 145; *Hartley* v. *Crede,* 140 W. Va. 133, 82 S. E. 2d 672; *Matthews* v. *Cumberland and Allegheny Gas Company,* 138 W. Va. 639, 77 S. E. 2d 180; *State ex rel. Cox* v. *Sims,* 138 W. Va. 482, 77 S. E. 2d 151; *McKinney* v. *Miller,* 138 W. Va. 324, 75 S. E. 2d 854; *Donald* v. *Long Branch Coal Company,* 86 W. Va. 249, 103 S. E. 55. See also *Reece* v. *Hall,* 142 W. Va. 365, 95 S. E. 2d 648; *Keller* v. *Wonn,* 140 W. Va. 860, 87 S. E. 2d 453; *Wilson* v. *Edwards,* 138 W. Va. 613, 77 S. E. 2d 164.

Proximate cause is a vital and essential element of actionable negligence to warrant a recovery; and the question of proximate cause is for the jury when the evidence relating to it is conflicting, or when the facts, though undisputed, are such that reasonable men may draw different conclusions from them. Here the undisputed facts as to the cause of the hernia were such that reasonable men may draw different conclusions from them and for that reason that question was a question for jury determination. See *Dunning* v. *Barlow and Wisler, Inc.,* 148 W. Va. 206, 133 S. E. 2d 784. In that case, in discussing the question whether violation of a statute proximately contributed to an injury to the plaintiff, this Court said: "We think, at the least, that the facts, though undisputed, are such that reasonable men might draw different conclusions therefrom and such question was one for jury determination."

In *Foose* v. *The Hawley Corporation,* 120 W. Va. 334, 198 S. E. 138, this Court in the opinion said: "We are im-

pressed that there were basic questions for jury determination; that the jury was warranted in finding from the evidence that The Hawley Corporation was negligent in permitting the elevator to be operated after the guide rails had been severed at the top of the elevator shaft; and that under the evidence of the two physicians who had testified in behalf of the plaintiff respecting the probable cause of the plaintiff's hernia, there was justification for the jury's finding that the hernia was the result of the accident."

This Court has consistently held in many cases that when the evidence is conflicting, or when the facts, though undisputed, are such that reasonable men may draw different conclusions from them, the questions of negligence and contributory negligence are for jury determination. *Dunning* v. *Barlow and Wisler, Inc.* 148 W. Va. 206, 133 S. E. 2d 784; *Metro* v. *Smith,* 146 W. Va. 983, 124 S. E. 2d 460; *Graham* v. *Crist,* 146 W. Va. 156, 118 S. E. 2d 640; *Overton* v. *Fields,* 145 W. Va. 797, 117 S. E. 2d 598; *Spurlin* v. *Nardo,* 145 W. Va. 408, 114 S. E. 2d 913; *Lawrence* v. *Nelson,* 145 W. Va. 134, 113 S. E. 2d 241; *Clay* v. *Walkup,* 144 W. Va. 249, 107 S. E. 2d 498; *Lewis* v. *Mosorjak and McDonald,* 143 W. Va. 648, 104 S. E. 2d 294; *Workman* v. *Wynne,* 142 W. Va. 135, 94 S. E. 2d 665; *Prettyman* v. *Hopkins Motor Company,* 139 W. Va. 711, 81 S. E. 2d 78; *Davis* v. *Sargent,* 138 W. Va. 861, 78 S. E. 2d 217. Under the foregoing principle, the question of the proximate cause of the hernia was a question for jury determination and should have been submitted to the jury by the circuit court upon the trial of this action.

For the reasons stated the judgment is reversed, the verdict is set aside, and this case is remanded to the circuit court for a new trial which is here awarded the plaintiff Frank Pygman.

*Reversed,*
*verdict set aside,*
*new trial awarded.*