# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**John Myers IV,**
**Defendant Below, Petitioner**

**vs)  No. 12-0718** (Kanawha County 09-C-1913)

**John Lawrence Pauley III,**
**Plaintiff Below, Respondent**

**FILED**

June 24, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner John Myers IV, by counsel Corey L. Palumbo and Evan R. Kime, appeals the Circuit Court of Kanawha County's order entered on April 27, 2012, denying petitioner's renewed motion for judgment as a matter of law or, in the alternative, motion for new trial. Respondent John Lawrence Pauley III, by counsel Brent Kesner, Daniel Greear, Sara Jones, and Charles M. Johnson II, filed a response. Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

This case arises from a motor vehicle accident which occurred in Ohio in August of 2008. Respondent testified that after an evening of consuming alcohol and drugs, petitioner drove a vehicle in which respondent was a passenger and crashed said vehicle into a pole. At approximately three o'clock in the morning, respondent presented to the emergency room in Ohio complaining of a hip injury. Respondent's medical history form noted that the injury occurred when he tried to keep a friend from falling down a flight of stairs. Respondent would later testify that he went along with this false accounting of the events of the evening because his then-girlfriend, who was a cousin of petitioner, asked him to do so in order to protect petitioner. Further, respondent stated that the girlfriend was the one who gave the account to the medical care providers. An x-ray of the hip at the time was read as showing no evidence of bone lesion or fracture of the hip or femur. Respondent was discharged and returned to West Virginia. Thereafter, he continued to have hip pain and sought chiropractic treatment. After this treatment was unsuccessful, he sought further care and was diagnosed with a hip fracture at Charleston Area Medical Center on September 15, 2009. Respondent later had to have a complete hip replacement.

Although neither petitioner nor respondent reported the accident, petitioner's damaged vehicle was towed and the accident was investigated by local police. Moreover, a witness to the

1

accident reported it and police confirmed that petitioner owned the car. The witness reported someone of petitioner's description left the scene in a different car. Approximately fifteen hours after the incident, petitioner's wife called to report petitioner's vehicle stolen. The theft report was later withdrawn after the wife admitted to her insurance carrier and to the police that her husband had told her he lied about the theft. Petitioner maintained even through trial that he was not driving the subject vehicle at the time the accident occurred. On October 21, 2011, petitioner filed a Motion for Summary Judgment, or in the alternative, a Motion in Limine to exclude all medical testimony, evidence and arguments. Petitioner argued that respondent did not have sufficient medical evidence to show that respondent's injury and damages were caused by the alleged automobile accident and thus could not satisfy proximate cause. Respondent argued that he had created a reasonable inference that his injuries were caused by an automobile accident, relying on Dr. Phillip Surface's testimony that it could be possible that a fracture might have been missed on the August x-ray. The motion was denied at the pretrial conference.

The case proceeded to trial on November 14, 2011. At trial, respondent offered the testimony of three treating physicians in support of his claims, which was taken by video prior to trial. Dr. Surface testified that the total hip replacement he performed was related to an acetabular (hip) fracture, but he could not testify to a reasonable degree of medical probability whether the hip fracture was caused by the automobile accident or by something else. Dr. Surface was not informed that an x-ray on August 8 showed no fracture. However, he testified that the type of fracture suffered by respondent is usually associated with an automobile accident, and that fractures are sometimes missed on regular x-rays. Dr. Umesh Bhagia also testified via video deposition but could not testify as to what caused the initial acetabular fracture. Dr. Aaron Sop also testified via video deposition and stated that he could not testify as to the cause of the hip injury without speculating. However, Dr. Sop did testify that the injury was caused by a trauma. No medical evidence was presented regarding the original x-ray findings that showed no fracture.

At the close of respondent's evidence, petitioner moved for judgment as a matter of law pursuant to Rule 50 of the West Virginia Rules of Civil Procedure, based on respondent's failure to present any qualified medical evidence sufficient to show, to a reasonable degree of medical probability, that the claimed damages were caused by the alleged automobile accident. The circuit court found that respondent's testimony was enough to link the damages to the accident, and denied the motion. The jury returned a verdict in favor of respondent, granting $576,286.69 in damages, including $120,000 in punitive damages. Petitioner renewed his motion for judgment as a matter of law, or in the alternative, motion for new trial, which was denied by order entered on April 27, 2012. The circuit court found that petitioner's argument ignored the testimony of respondent that the initial emergency room history was provided by the girlfriend, who was petitioner's cousin, and who did not want to get petitioner into trouble for operating a vehicle under the influence. Respondent testified that he simply went along with the girlfriend's story. Moreover, respondent presented evidence that the injury he sustained is most often sustained in a motor vehicle accident. Further, the circuit court found that the physicians did testify that the injuries were consistent with the reported history of respondent.

On appeal, petitioner argues first that the circuit court erred in denying both petitioner's motion for summary judgment and his motion for judgment as a matter of law because

2

respondent failed to produce sufficient evidence that respondent's injuries were proximately caused by petitioner's negligence. Petitioner makes the same legal argument in both motions. Petitioner also argues that the circuit court erred in denying petitioner's motion in limine to exclude all medical evidence or arguments related to alleged injuries or medical damages, where respondent offered no medical causation testimony. Respondent argues that he offered extensive evidence as to the accident and how petitioner caused it, and offered evidence from medical care providers that the cause of his injury is consistent with a motor vehicle accident as described by respondent.

"A circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). Summary judgment should be granted when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law. Syl. Pt. 2, *Id.*; Syl. Pt. 3, *Aetna Casualty & Surety Co. v. Federal Insurance Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963). This Court reviews appeals of circuit court orders made under Rule 50 of the West Virginia Rules of Civil Procedure under the following standard:

> "The appellate standard of review for the granting of a motion for a [judgment as a matter of law] pursuant to Rule 50 of the West Virginia Rules of Civil Procedure is de novo. On appeal, this court, after considering the evidence in the light most favorable to the nonmovant party, will sustain the granting of a [judgment as a matter of law] when only one reasonable conclusion as to the verdict can be reached. But if reasonable minds could differ as to the importance and sufficiency of the evidence, a circuit court's ruling granting a directed verdict will be reversed." Syllabus Point 3, *Brannon v. Riffle*, 197 W.Va. 97, 475 S.E.2d 97 (1996).

Syl. Pt. 5, *Smith v. First Cmty. Bancshares, Inc.*, 212 W.Va. 809, 575 S.E.2d 419 (2002). Rule 50(a)(1) of the West Virginia Rules of Civil Procedure states as follows:

> If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

This Court finds no error in the denial of summary judgment and the denial of petitioner's motion for judgment as a matter of law. Respondent presented sufficient evidence to show petitioner's negligence, including evidence of the accident investigation. Petitioner's account of the accident was, at best, not credible and changed several times. Upon a review of the record, this Court finds that there was certainly a legally sufficient evidentiary basis to find in favor of respondent. Moreover, the medical testimony was sufficient to relate respondent's injuries to petitioner's negligence.

As to the denial of petitioner's motion to exclude the medical evidence, this Court has

found that "'[a] trial court's evidentiary rulings, as well as its application of the Rules of Evidence, are subject to review under an abuse of discretion standard.' Syllabus point 4, *State v. Rodoussakis,* 204 W.Va. 58, 511 S.E.2d 469 (1998)." Syl. Pt. 11, *State v. White*, 228 W.Va. 530, 722 S.E.2d 566 (2011). Further, "'[t]he action of a trial court in admitting or excluding evidence in the exercise of its discretion will not be disturbed by the appellate court unless it appears that such action amounts to an abuse of discretion.' Syllabus point 10, *State v. Huffman*, 141 W.Va. 55, 87 S.E.2d 541 (1955), *overruled on other grounds by State ex rel. R.L. v. Bedell*, 192 W.Va. 435, 452 S.E.2d 893 (1994)." Syl. Pt. 2, *State v. Doonan*, 220 W.Va. 8, 640 S.E.2d 71 (2006).

In this case, respondent had to present evidence sufficient to relate his medical damages to the alleged accident to "a reasonable degree of medical probability." Syl. Pt. 3, *Hovermale v. Berkeley Springs Moose Lodge No. 1483,* 165 W.Va. 689, 271 S.E.2d 335 (1980). *Hovermale* further notes as follows:

> In Syllabus Point 1 of *Pygman v. Helton*, 148 W.Va. 281, 134 S.E.2d 717 (1964), we made it clear that where a physician is testifying as to the causal relation between a given physical condition and the defendant's negligent act, he need only state the matter in terms of a reasonable probability.
>
> > Medical testimony to be admissible and sufficient to warrant a finding by the jury of the proximate cause of an injury is not required to be based upon a reasonable certainty that the injury resulted from the negligence of the defendant. All that is required to render such testimony admissible and sufficient to carry it to the jury is that it should be of such character as would warrant a reasonable inference by the jury that the injury in question was caused by the negligent act or conduct of the defendant.
>
> *Pygman* specifically rejected the requirement that the physician tie the injury to the negligence by way of a reasonable degree of medical certainty and eschewed any rigid incantation or formula.

*Hovermale*, 165 W.Va. at 695-696, 271 S.E.2d at 340. Thus, the circuit court's denial of petitioner's motion to exclude the medical evidence was proper. The medical care providers in this action testified that the injuries were consistent with respondent's description of how the accident occurred, and that the hip injury was one commonly found in motor vehicle accidents. This Court finds that the evidence presented was consistent with *Hovermale* in that the testimony was sufficient to warrant a reasonable inference by the jury that the injury in question was caused by petitioner's negligence.

For the foregoing reasons, we affirm.

Affirmed.

4

**ISSUED:**  June 24, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II