EARL NICHOLS *v.* RALEIGH-WYOMING COAL COMPANY

(No. 7142)

Submitted March 29, 1932.   Decided April 5, 1932.

*John Q. Hutchinson* and *Clay S. Crouse,* for plaintiff in error.

*Brown, Jackson & Knight,* and *File, Goldsmith & Scherer,* for defendant in error.

WOODS, JUDGE:

This is an action of trespass on the case by the administrator (husband) of Kathleen Nichols, deceased, to recover damages for wrongful death.   After plaintiff had rested, the trial court sustained a motion to direct a verdict for the

defendant company. So, the question before us is whether the trial court erred in taking the case from the jury.

Defendant, a coal mining company, was conducting operations at Edwight, and had been so engaged for a number of years prior to the date of the accident and death of plaintiff's decedent. The tipple and sidetracks of the C. & O. Ry. Company, used in connection therewith, were located across Hazy Creek from the town of Edwight. A couple of hundred yards below the tipple, the company maintained a footbridge, which it appears was used by its employees and their families in going to and from Edwight—to the post office, theater, school and churches. A short distance above the tracks the company maintained some twenty houses for its employees, the same being located on both sides of a narrow roadway, which parelleled the tracks. Plaintiff and his family, including decedent, lived in one of these houses, almost directly opposite the lower end of the tipple. The roadway, made of bone and coal refuse, was very undesirable for foot travel, because it was very dirty, and also because the distance by such route to the town of Edwight was about twice as far as that by way of the footbridge. The testimony is to the effect that practically all the miners and their families used the footbridge in walking to and from Edwight, and that they crossed the tracks wherever they could find an opening, and, if none, some would crawl under the cars. While one of plaintiff's witnesses stated that the tracks were crossed against the wishes of the defendant company, there is nothing to show that any measures were taken to stop this practice. This witness, as well as several others, stated that the company maintained at least two signs along the tracks bearing the word ''Danger''. These placards indicate that the company had knowledge of the use of its tracks as a passway, and were thereby admonishing all who crossed or used the tracks as a means of travel to use precaution in so doing. On the particular evening the decedent had taken her baby, a boy of four, over into Edwight to get her other two children aged six and eight, respectively, who were attending a show. On the return, after dark, she crossed

the footbridge, followed the path along the creek to a point about 140 feet below the tipple, where she endeavored to cross. In attempting to go between two cars, which were three feet apart, she first saw that her children were safely across, and then in an attempt to cross herself, was pinned between the cars. This was caused by a loaded car set adrift at the tipple, bumping into the car above her.

Defendant's position is that the decedent was a mere trespasser, and that it did not owe her the reasonable care required in case of an invitee. Also, that decedent was guilty of contributory negligence, since it is reasonable to assume, from all the circumstances, that she knew of the attendant dangers due to dropping loaded cars by gravity.

The action is based on the theory that plaintiff's decedent was entitled to a higher degree of care than a mere trespasser. Plaintiff cites the case of *Diotiollavi* v. *Coal Company*, 95 W. Va. 692, 122 S. E. 161, in support of this contention. There the house in which plaintiff lived fronted on the company's drift track, the fence being five feet from the edge of the ties; a gate opened to the front; the space along the edge of the track was not suitable for foot travel. It appears that the company had permitted the miners and school children to use the tracks for a period of years. But, the track was not a way of necessity, for a gate opened upon a roadway at the back of the properties. And such road was used for vehicular traffic and by pedestrians. It seems to us that the principle in that case applies here, since, the plaintiff, on motion to direct a verdict, is entitled to have his evidence judged in the most favorable light. *Potts* v. *Traction Co.*, 75 W. Va. 212, 83 S. E. 918. The defendant's motion amounts to a demurrer to the evidence. Under the circumstances, we must hold that the company owed the plaintiff a higher degree of care than that usually owed a trespasser on their tracks. The question of contributory negligence is ordinarily a question for the jury.

The judgment must be reversed, and the case remanded for a new trial.

*Reversed; verdict set aside; new trial awarded.*