WILLIE ROBERT JENKINS, *Administrator of the Estate of* ZETTA BLANCH JENKINS, *Deceased*

*v.*

KENNETH R. CHATTERTON

(No. 10879)

Submitted September 18, 1957. Decided December 10, 1957.

*Baker & Lee, David M. Baker, Edward V. Lee, Robert L. Slack,* for plaintiff in error.

*Campbell, McNeer & Woods, C. F. Bagley, Jr., C. W. Ferguson, III,* for defendant in error.

DUCKER, JUDGE:

The plaintiff, Willie Robert Jenkins as Administrator of the estate of Zetta Blanch Jenkins, deceased, brought this action of trespass on the case under the death by wrongful act statute against Kenneth R. Chatterton, in the Circuit Court of Wayne County, and upon the conclusion of the plaintiff's evidence, the court sustained a motion of the defendant to strike the evidence of the plaintiff and to direct a verdict for the defendant, whereupon, the court entered judgment for the defendant. It is to the correctness of this action of the court that plaintiff assigns error and prosecutes this writ of error. There being, of course, no testimony in behalf of the

defendant, except such as may be favorable from plaintiff's witnesses, the principal facts, with little or no contradiction, are as follows:

Zetta Blanch Jenkins and one William E. Balcomb, who were passengers in an automobile driven by the defendant, died immediately when the defendant drove the automobile into the rear end of a semi-trailer truck at about 2:20 A.M. on December 10, 1955, on U. S. Route No. 60, a short distance east of the city limits of the City of Huntington, West Virginia.

Howard S. Gadd, an employee of Merchants Dispatch, testified: that he drove a 1950 Federal Truck, with a thirty-two foot long semi-trailer attached, on U. S. Route No. 60 from Charleston, West Virginia, on December 10, 1955, leaving there about 12:30 A.M., to a point on said route about one-quarter of a mile east of the Huntington city limits, where he was stopped by some unknown person waving a flashlight to warn him of an automobile accident which had just previously occurred on said highway before Gadd reached that point; that from Barboursville, West Virginia, to the place where he was stopped Route 60 was visibly covered with a "solid sheet of ice", and that because of such condition of the road he had operated his truck and semi-trailer at a speed of twenty-five miles per hour until he was flagged down, and that at such speed and putting his truck in gear and slowing, using his brakes which were both air and traction but not operatable simultaneously, he had no trouble in stopping in the outer right-hand lane of the highway which was four lane from Barboursville to a point west of where he stopped; that upon stopping he set his brakes, left his headlights on, as well as the seven or eight lights on the back end of the trailer; that in about a minute and a half after stopping he obtained a fusee from a compartment in the cab of his truck and started to alight to set out the fusee to warn traffic that might be approaching and "by that time the man drove into the back of my truck"; that the car driven into the back of his semi-trailer truck was a 1955 Ford automobile

driven by the defendant, Kenneth R. Chatterton, and that Zetta Blanch Jenkins was a passenger in the Ford car; that on the right hand side of the highway at that place are Morgan's Tourist Cabins, which were lit up, a service station on the left with lights on it, and a blinking traffic signal light ahead which could be seen at least a half a mile in an approach to it; that in the road ahead of him was a police car with a caution light "going around and around"; that the highway is fairly straight behind the trailer, although "sidling a little bit, but not too much though"; that he had been driving a truck for fifteen years and an automobile for a still longer period of time, and that, in his opinion, it was easier for one to stop an automobile at the speed he was going than it was to stop his truck; and that there were skid marks left by the Chatterton car on the road behind the place of collision.

Dana Orndorff, a member of the West Virginia Department of Public Safety, testified: that the defendant's car skidded a distance of seventy-five feet before colliding with the semi-trailer, and that he talked with the defendant at the hospital and could smell the presence of alcohol on defendant's breath, and that upon submission by defendant to a blood test, it was determined that there was a substantial alcoholic content in his blood; and that his examination of the position of the truck and trailer on the highway showed that the left wheels were on the line dividing the two west bound traffic lanes, and the defendant's car was "sort of in a forty-five degree angle" on the highway with the right side of the car in the rear of the trailer.

E. F. Porter, a witness for plaintiff, testified: that he was driving east from Huntington at the time of the collision of defendant's car with the semi-trailer and that the condition of the road was "slick, plenty slick"; that when he saw someone with a flashlight ahead of him, he passed him and when he looked for an automobile and didn't see any he "hit" his brakes and his car went into a spin and "did about four loops" and "up in somebody's driveway backwards at about a forty-five degree angle

almost headed back down the driveway"; and that at that time he was driving "around thirty miles an hour".

Plaintiff's counsel, in support of the assignment of error, contend: (1) that the defendant failed to see and should have seen the truck and semi-trailer and yellow blinking caution light; (2) that failure to see the truck and semi-trailer in time to avoid running into the rear of them constituted a failure on his part to keep and maintain a proper lookout; (3) that defendant knew or should have known that U. S. Route 60 from several miles east to the point of collision was a "solid sheet of ice" which made it extremely difficult to control and stop an automobile; (4) that the defendant did not operate his automobile at an appropriate reduced rate of speed in view of the special hazard existing as a result of the icy condition of the highway; (5) that defendant did not halt the speed of his automobile when approaching the yellow caution light; (6) that defendant did not keep his automobile under control in order to avoid colliding with the truck and semi-trailer; and (7) that defendant did not use reasonable care in the operation of his automobile.

And in support of the action by the court in directing the verdict for the defendant, defendant's counsel contend: (1) that plaintiff failed to present any evidence of any negligent act on the part of the defendant and thus failed to meet the burden placed upon him to establish a *prima facie* case; (2) that plaintiff did not introduce testimony to prove that defendant did not keep a proper lookout or have his automobile under control; (3) that no witness testified either with respect to the speed at which defendant was driving or that there was anything to warn the defendant about the parked truck and semi-trailer; and (4) that there is no evidence that defendant did not halt the speed of his car when approaching the yellow caution light, or that defendant did not use reasonable care in the operation of his automobile.

The contentions of the plaintiff and defendant respectively result in there being here only one real question,

which is whether the facts made a *prima facie* case, or warranted an inference of negligence on the part of the defendant such as entitled the plaintiff to have the issue determined by the jury and not determined by the directed verdict.

This Court has in several cases set forth the law in this State in regard to directed verdicts, which, as stated in the syllabus of the case of *Nichols* v. *Raleigh-Wyoming Coal Co.,* 112 W. Va. 85, 163 S. E. 767, is as follows:

> "Upon a motion to direct a verdict for the defendant, every reasonable and legitimate inference fairly arising from the testimony, when considered in its entirety, must be indulged in favorably to plaintiff; and the court must assume as true those facts which the jury may properly find under the evidence."

And this rule has been quoted and followed in the cases of *Hambrick* v. *Spalding,* 116 W. Va. 235, 179 S. E. 807, and *Boyce* v. *Black,* 123 W. Va. 234, 15 S. E. 2d 588.

And on the question of negligence as a matter of law, This Court in point 4, syllabus, *Benny Divita* v. *Atlantic Trucking Company,* 129 W. Va. 267, 40 S. E. 2d 324, held:

> "The operation of a motor vehicle at night, when visibility is obscured by mist and other weather conditions, at such rate of speed that the operator thereof could not stop or-control the same within the range of his vision ahead, as a matter of law constitutes negligence proximately contributing to an injury resulting from a collision with another vehicle stopped on the right side of the paved portion of the road."

And in *Baltimore & Ohio Railroad Co.* v. *Dellslow Coal Co.,* 98 W. Va. 194, 127 S.E. 43, point 2 of the syllabus, there is contained the following statement:

> "A motion to exclude all the plaintiff's evidence and direct a verdict for the defendant should be refused when the plaintiff's evidence *prima facie* entitles it to recover."

Chapter 129 of the Acts of the Legislature, 1951, (Michie's 17C-6-1) contains the following provision, pertinent to the facts here:

"Section 1.  *Special Restrictions.*—No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards, then existing. In every event speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the highways in compliance with legal requirements and the duty of all persons to use due care."

As the direction of a verdict for the defendant rendered it unnecessary for him to introduce any evidence as to the facts, the case rests entirely on the sufficiency of the plaintiff's evidence to have the question of liability submitted to the jury. So defendant must rely here on the failure of plaintiff to produce witnesses to testify as to the speed or the manner in which defendant drove his automobile. Defendant asserts the generally conceded rule, that the mere fact of skidding does not prove negligence. While the latter statement is true, nevertheless, skidding can be a material factor, among other physical happenings or situations, and part of the proof of negligence, and this was the effect given it in the case of *Woodley* v. *Steiner*, 112 W. Va. 356, 164 S. E. 294.

In the light of all the facts proven by plaintiff's evidence, we do not see substantial merit in the defendant's contention that plaintiff has failed to show negligence, or that he has failed to show facts which, when considered in their entirety, warrant a reasonable and legitimate inference of negligence. Although plaintiff did not, as most likely he could not, prove by the testimony of witnesses who saw or knew the speed of defendant's automobile or the other facts which defendant says he must have so proved in that particular manner, yet the combination of the physical facts that the road was visibly covered with a "solid sheet of ice", that the highway was four lane

and fairly straight, that there was a blinking traffic signal light which could be seen at least a half a mile in an approach to it, that there were lights on the Morgan's Tourist Cabins on the right side and on the filling station on the left, that there was a caution light ahead on the police car, seven or eight lights on the rear of the semi-trailer, and that skid marks of defendant's automobile were on the highway for a distance of seventy-five feet leads us to the conclusion that such facts are so significant that it can be reasonably and legitimately inferred that defendant did not operate his automobile in the manner required by law, and that plaintiff made a *prima facie* case of negligence and liability on the part of defendant.

It is our opinion, and we so hold, that the Circuit Court of Wayne County erred in directing a verdict in favor of the defendant and we reverse the judgment, set aside the verdict and award plaintiff a new trial.

> *Judgment reversed; verdict set aside; new trial awarded.*