346 S.E.2d 50

**Myrtle Sue BLAIR**

v.

**Amos PREECE and Hazel Preece.**

**No. 16949.**

Supreme Court of Appeals of
West Virginia.

July 3, 1986.

Myrtle Sue Blair, pro se.

H. Truman Chafin, Williamson, for appellees.

PER CURIAM:

The principal question in this boundary dispute case is whether the Circuit Court of Mingo County properly directed a jury verdict against the appellant, Myrtle Sue Blair. We conclude that it did not, and, for that reason, we reverse the circuit court's judgment.

The appellant instituted this action for the determination of the location of a boundary line after a dispute arose between her and her next-door neighbors, Amos and Hazel Preece. The appellant represented herself during most of the proceedings in the case, including the jury trial which was conducted on July 16, 1985.

During the jury trial the appellant, who was a lay person and not a lawyer, was frustrated in the presentation of her case by various evidentiary rulings made by the trial judge. She was allowed to introduce into evidence a number of documents, including deeds and plats, relating to the location of the boundary line. She was not, however, allowed to adduce from her husband, who was neither a licensed surveyor nor a civil engineer, an expert opinion as to where the boundary line was located. Frustrated, she called as a witness James Albert Coleman, a licensed surveyor, whom the Preeces had subpoenaed as their expert witness. Mr. Coleman, predictably, testified that the boundary line was not located where the appellant asserted it was, but, instead, indicated that it ran where the Preeces claimed it ran.

At the conclusion of the appellant's case the Preeces moved for a directed verdict. The trial court, concluding that the appellant had produced no evidence supporting her case, granted the motion and subsequently rendered judgment against the appellant. It is from that judgment that the appellant now appeals.

In West Virginia, the basic rule is that a verdict should not be directed against a plaintiff in a civil case unless he has failed to present a *prima facie* case. *See Jividen v. Legg,* 161 W.Va. 769, 245 S.E.2d 835 (1978). In determining whether a *prima facie* case has been established, it is incumbent upon the trial judge to weigh the evidence in the plaintiff's favor. The rule, as set forth in syllabus point 1 of *Jividen v. Legg,* requires that:

" 'Upon a motion to direct a verdict for the defendant, every reasonable and legitimate inference fairly arising from the testimony, when considered in its entirety, must be indulged in favorably to plaintiff; and the court must assume as true those facts which the jury may properly find under the evidence. Syllabus, *Nichols v. Raleigh-Wyoming Coal Co.,* 112 W.Va. 85, 163 S.E. 767.' " Point 1, syllabus, *Jenkins v. Chatterton,* 143 W.Va. 250, 100 S.E.2d 808 (1957).

In the case presently before the Court the trial judge was apparently persuaded that the appellant failed to make a *prima facie* case because she failed to adduce expert testimony supporting her position, but, instead, elicited expert testimony from Mr. Coleman supporting her opponents' position.

Although it is true that the only expert testimony, that of Mr. Coleman, did support the Preeces' position, the appellant did introduce into evidence a number of documents. Among those items was Plaintiff's Exhibit No. 1, a copy of the deed by which she acquired title to her property. That deed indicated that the boundary line ran where the appellant claimed it ran.[1]

---

1. The Court's conclusion that Plaintiff's Exhibit No. 1 supported the appellant's claims is based on a technical analysis of the documents in the case. Apparently both parties agreed on the location of the boundary line between Lots 83 and 84 in the Town of Kermit. They also agreed on the front line of Lot 83. The appellant claimed that she owned a substantial portion of Lot 83 (a portion which ran 15.97 feet along the front line of Lot 83). The Preeces claimed that the appellant owned no part of Lot 83 and that they owned five feet of Lot 84.

Plaintiff's Exhibit No. 1 had as a place of beginning a point on the front line of Lot 84, 5 feet from the dividing line between Lots 83 and 84. The final two calls were: "thence S. 89° 43′ W. 101.43 ft. to a point in the E. line of Logan Street [the front line of Lot 83] and with said line S. 9° 55′ E. 20.97 ft. to the BEGINNING."

The Court is of the opinion that the introduction of Plaintiff's Exhibit No. 1, when considered as required by *Jividen v. Legg, supra,* was sufficient to establish a *prima facie* case for the plaintiff.

Although the testimony of surveyor Coleman suggested that the boundary line did not run where the appellant contended it ran, but where the Preeces claim that it ran, and although other deeds introduced into evidence suggested that the line ran where the Preeces claim it ran, the fact that the evidence was conflicting did not justify entry of a directed verdict against the appellant. *See Jividen v. Legg, supra.*

Because Plaintiff's Exhibit No. 1 was sufficient to establish a *prima facie* case, the Court believes that the trial court erred in directing a verdict against her.[2] Accordingly, the judgment of the Circuit Court of Mingo County is reversed and this case is remanded for a new trial.

Reversed and remanded.

---

The next to the last call carried the appellant's boundary to a point on the front line of Lot 83 which was 15.97 feet from the boundary line between Lots 83 and 84 and 20.97 feet from the place of beginning (which was 5 feet on the other side of the boundary between Lots 83 and 84). In effect, the calls indicated that the appellant owned the property in dispute in the present case.

**2.** In addition to challenging the directed verdict, the appellant claims that the trial judge committed a number of procedural and evidentiary errors. Since the Court has concluded that the entry of the directed verdict was improper, and since that error requires that a new trial be conducted, the Court believes that it is unnecessary to discuss the additional errors.