377 S.E.2d 460

**McGUIRE OIL COMPANY
and Litz McGuire**

v.

**Claude ELLIS.**

No. 18196.

Supreme Court of Appeals of
West Virginia.

Nov. 28, 1988.

Rehearing Denied Feb. 22, 1989.

John W. Bennett, Eiland & Bennett, Logan, for appellants.

W. Bernard Smith, Logan, for appellee.

PER CURIAM:

This is an appeal from a final order of the Circuit Court of Logan County, entered October 7, 1986, which denied the motion of the appellants, McGuire Oil Co. and Litz McGuire, to set aside a directed verdict granted in favor of the appellee, Claude Ellis, in a civil action below. The appellants contend that the trial court erred in not submitting the case to the jury for determination. We agree, and we reverse the judgment of the circuit court.

Appellant Litz McGuire is the owner of McGuire Oil Co., a West Virginia corporation engaged in the wholesale oil business. The appellee, Claude Ellis, operated a retail service station in Logan County. Mr. Ellis leased the premises from Mr. McGuire on a month-to-month basis and purchased gasoline, motor oil and other materials for resale from McGuire Oil Co. On April 30, 1981, Mr. Ellis closed his business and vacated the premises on short notice.

In November 1981, the appellants instituted a civil action in the Circuit Court of Logan County to recover sums Mr. Ellis allegedly owed to McGuire Oil Co. for gasoline and other materials delivered in April 1981 and other sums allegedly owed to Mr. McGuire for unpaid rent and property damage to the service station. In his answer, Mr. Ellis denied generally the allegations in the complaint.

Trial before a jury was conducted on June 23, 1986. The undisputed evidence showed that when Mr. Ellis went out of business, he owed McGuire Oil Co. approximately $10,000 for materials purchased on credit during the month of April and owed Mr. McGuire rent for the months of March and April 1981. In May 1981, McGuire Oil

Co. mailed Mr. Ellis a statement detailing these charges. A second statement, prepared at the direction of Mr. McGuire, was mailed to Mr. Ellis in September 1981. In addition, Mr. McGuire had replaced a plate glass window on the service station premises at a cost of approximately $280. Mr. Ellis had told both Mr. McGuire and Carlos Chambers, operations manager of McGuire Oil Co., that the window was broken on April 30, 1981 when he was having a safe removed from the premises.

The only evidence offered by the appellee was the original of the May 1981 statement from McGuire Oil Co. The notation "Pd" was handwritten next to each charge for material delivered by McGuire Oil Co., and the document bore the signature of Willard Whitt, the company's operations manager at that time. At the close of the evidence, the appellee moved for a directed verdict, which motion was granted by the trial court. The appellants' subsequent motion to set aside the directed verdict was denied by the trial court by order entered October 7, 1986.

The general rule is that a verdict should not be directed against a plaintiff in a civil case unless he has failed to present a *prima facie* case. *See Jividen v. Legg,* 161 W.Va. 769, 245 S.E.2d 835 (1978). It is incumbent upon the trial judge to weigh the evidence in the plaintiff's favor.

"Upon a motion to direct a verdict for the defendant, every reasonable and legitimate inference fairly arising from the testimony, when considered in its entirety, must be indulged in favorably to plaintiff; and the court must assume as true those facts which the jury may properly find under the evidence." Syl., *Nichols v. Raleigh–Wyoming Coal Co.,* 112 W.Va. 85, 163 S.E. 767 (1932). Syllabus point 1, *Totten v. Adongay,* 175 W.Va. 634, 337 S.E.2d 2 (1985).

The circuit court here ruled that the appellants had failed to demonstrate the outstanding indebtedness, if any, of Mr. Ellis at the time of trial. The introduction of the May 1981 statement raises an inference that at least part of the indebtedness

may have been paid at some unspecified time by Mr. Ellis. However, Mr. Chambers testified below that the full amount of the indebtedness was outstanding at the time of trial. When this conflict in the evidence is resolved in favor of the appellants, it is sufficient to establish a *prima facie* case for recovery. Accordingly, we conclude that the circuit court erred in directing a verdict for the appellee.

For the reasons stated herein, the judgment of the Circuit Court of Logan County is reversed, and this case is remanded to that court for further proceedings.

REVERSED AND REMANDED.