424 S.E.2d 768

**Judy A. ZAMBELLI, Individually, and on Behalf of and as Next Friend for Ronnie H. Collins, Jr., Plaintiffs Below, Appellants,**

v.

**Ralph M. HOUSE and Michael House, Defendants Below, Appellees.**

No. 20901.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 23, 1992.

Decided Dec. 14, 1992.

J. Michael Benninger, Wilson, Frame & Metheny, Morgantown, for appellants.

David A. Sims, Wallace, Ross & Harris, Elkins, for appellees.

PER CURIAM:

Judy A. Zambelli and Ronnie H. Collins, Jr., appeal a July 31, 1991, decision of the Circuit Court of Randolph County which granted a directed verdict in favor of the Appellees, Ralph M. House and Michael House. The Appellants contend that the directed verdict was inappropriate due to their presentation of sufficient evidence of negligence to warrant a jury determination of the issues. We agree and accordingly reverse and remand this case to the circuit court for the submission of this matter to a jury.

I.

The underlying civil action arises from an April 26, 1990, automobile accident on U.S. Route 250 south of Elkins, West Virginia. According to the testimony of appellant Collins, he was travelling south when appellee Michael House passed him and cut in front of his vehicle, causing Collins to leave the roadway and strike a guardrail.[1] Appellee Michael House contended that he was not at the scene of the accident.

Subsequent to a trial on July 9 and 10, 1991, the jury was unable to reach a verdict. The jury was then discharged, and a mistrial was declared. By order dated July 31, 1991, the lower court granted the Appellees' motion for a directed verdict. The Appellants now contend that the trial court erred by granting the directed verdict and by relying upon the judge's personal observations of the accident scene in granting the motion for the directed verdict.

While we do not specifically address the issue of the lower court's personal observations or the reliance thereon, we base our decision to reverse and remand upon the existence of sufficient evidence to warrant a jury resolution of the facts.[2] The parties in this case have adopted diametrically opposing and irreconcilable positions on the issue of liability. The Appellants allege that Michael House passed Ronnie Collins in a black pick-up truck and ran him off the road.[3] The Appellants also provided two witnesses who allegedly observed a black pick-up truck at the scene of the accident. One of those witnesses for the Appellants, however, admitted that he did not leave work until 3:30 p.m., the time at which the accident allegedly occurred. The Appellees

1. Appellant Collins has alleged various permanent injuries, including a right tibia/fibula fracture and medical expenses of over $15,000.

2. The appellants claim that the lower court erred by basing its decision to any degree upon the trial judge's personal observation of the accident scene. During the hearing on appellees' motion for a directed verdict, the lower court indicated that it was relying, at least to some extent, upon a personal visit to the scene after trial. Specifically, the lower court explained as follows:

> Well, the—and since this trial—twice I've checked—Collins says that as he came out of the Ward Road that he could see the House truck on the Chenoweth Creek road, and you cannot see from the Ward to the Chenoweth Creek entry onto the 4–lane—I've checked it twice since then.

Our decision that the lower court erred in granting this directed verdict is based upon the sufficiency of the evidence submitted. Therefore, we do not endeavor to address the issue of any compounding of that error which may have been created by the judge's reliance upon his personal observations or conclusions.

3. There was apparently no allegation that Michael House intentionally caused Ronnie Collins to leave the roadway.

therefore called his testimony into question and contended that he could not have been at the scene of the accident by 3:30 p.m.

Michael House, while admitting that he does drive his father's black pick-up, contends that he was at the home of Sarah Wilmoth at the time the accident occurred and was nowhere near the scene of its occurrence. Sarah Wilmoth supported Michael House's contentions and stated that she remained with Michael House from 2:53 p.m. to 3:40 p.m. The Appellees also presented the testimony of Shirley Weasenforth. Ms. Weasenforth's testimony that she was the first person to arrive on the accident scene is in direct conflict with the testimony presented by witnesses for the Appellants. Upon presentation of the evidence, as briefly summarized above, the jury was unable to reach a verdict, and a mistrial was declared.

## II.

■ In syllabus point 5 of *Wager v. Sine*, 157 W.Va. 391, 201 S.E.2d 260 (1973), we explained the following: "Upon a motion for a directed verdict, all reasonable doubts and inferences should be resolved in favor of the party against whom the verdict is asked to be directed." Moreover, we stated the following in syllabus point 1 of *Jividen v. Legg*, 161 W.Va. 769, 245 S.E.2d 835 (1978):

> " 'Upon a motion to direct a verdict for the defendant, every reasonable and legitimate inference fairly arising from the testimony, when considered in its entirety, must be indulged in favorably to plaintiff; and the court must assume as true those facts which the jury may properly find under the evidence. Syllabus, *Nichols v. Raleigh–Wyoming Coal Co.*, 112 W.Va. 85, 163 S.E. 767.' " Point 1, Syllabus, *Jenkins v. Chatterton*, 143 W.Va. 250, 100 S.E.2d 808 (1957).

We also explained in syllabus point 2 of *Jividen*,

> " 'When the evidence is conflicting or when the facts, though undisputed, are such that reasonable men may draw different conclusions from them, the questions of negligence and contributory negligence are for jury determination. Point 1, Syllabus, *Sydenstricker v. Vannoy*,

151 W.Va. 177, 150 S.E.2d 905.' " Point 1, Syllabus, *Kidd v. Norfolk & Western Rwy. Co.*, 156 W.Va. 296, 192 S.E.2d 890 (1972).

■ The Appellees contend that the Appellants, as plaintiffs, failed to establish a prima facie right of recovery. As we explained in syllabus point 3 of *Roberts v. Gale*, 149 W.Va. 166, 139 S.E.2d 272 (1964), "[w]hen the plaintiff's evidence, considered in the light most favorable to him, fails to establish a prima facie right of recovery, the trial court should direct a verdict in favor of the defendant." However, in construing the evidence in a light most favorable to the Appellants, we must acknowledge the following contentions made by the Appellants: Appellant Ronnie Collins explains that he recognized Michael House and his black pick-up truck; Collins contends that Michael House passed him and caused him to collide with the guardrail; and two witnesses, Terry Atkinson and Jeffrey Menendez, claim to have seen a black pick-up truck at the scene of the accident. While this evidence is certainly contradicted by the evidence of the Appellees, such contradiction does not nullify the Appellants' establishment of a prima facie right of recovery and does not justify the granting of a directed verdict. On the contrary, it does establish a set of factual inconsistencies ripe for resolution by a jury.

We conclude that the lower court erred in granting the directed verdict in light of the multitude of factual issues which require jury resolution. The lower court's conclusion, as stated in its final order, that the Appellants' evidence was less credible than that of the Appellees did not justify its action in granting a directed verdict. This is simply a matter of resolution of conflicting versions of the story of an accident. It is exactly the situation for which jury resolution is mandated. Thus, upon remand, the evidence should be submitted to a jury for proper resolution of the factual inconsistencies.

Reversed and remanded.