# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

Steven Roche,
**Plaintiff Below, Petitioner**

**FILED**

**January 5, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 16-1031**  (Monroe County 14-C-75)

**Michelle Jill Wade, individually
and as personal representative of
the Estate of William A. Bradley,
Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Steven Roche, by counsel John H. Bryan, appeals the rulings of the Circuit Court of Monroe County that (1) granted the motion for judgment as a matter of law of Respondent Michelle Jill Wade, individually, and as personal representative of the Estate of William A. Bradley, as to whether petitioner had an easement implied by necessity over respondent's property, and (2) denied petitioner's motion for judgment as a matter of law as to whether he had an easement implied through prior use. Respondent Michelle Jill Wade, by counsel Jeffry A. Pritt, filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's rulings is appropriate under Rule 21 of the Rules of Appellate Procedure.

Prior to 1876, William T. Johnson owned a large tract of land located in Monroe County. The parcel bordered publicly used roads at its northern and southern boundaries. There was an old road bed leading from a point of intersection with the northern public road (known as the Everett Green Road) southward down through the Johnson property until it intersected with the public road bordering the southern part of the farm (known as the Johnson's Crossroads Road). There is no evidence that the old road bed was ever open to the public.

In 1876, Johnson partitioned the northernmost parcel of the land and deeded it to Thomas G. Alderson. The Alderson deed reserved to Johnson a right-of-way "along his present road to the gate at the country road near the bridge crossing Wolf Creek[,]" specifically referencing the existing road leading north to the Everett Green Road.

In 1888, Johnson partitioned the remaining land into three separate tracts by simultaneous deeds dated March 27, 1888. The most northern of the three was deeded to Edward A. McNeer.

1

This tract bordered the parcel that had been previously conveyed to Alderson, and the right-of-way previously reserved over that land was specifically granted to McNeer. Portions of this tract are now owned by multiple owners, none of whom are parties to this action.

The most southern of the three tracts was deeded to Odella Ellis and is now owned by respondent.[1] This tract bordered Johnson's Crossroads Road along its southern boundary. No right-of-way was granted or reserved in this deed.

The tract in between the northern (E. McNeer) and southern (Ellis) tracts was deeded to Laura McNeer, Edward McNeer's sister and Odella Ellis's cousin. The deed did not include any language granting a right-of-way or otherwise specifying how the grantee was to access either of the two public roads. Laura McNeer's property was eventually owned by petitioner's great-grandmother, Margaret Ellison. Mrs. Ellison was awarded the tract as part of a partition proceeding, by order of the Circuit Court of Monroe County on April 17, 1939. The partition order stated that the tract awarded to Mrs. Ellison was "connected with the public road by two easements or rights-of-way leading to, into and from the same connecting with different public roads." This parcel was deeded to petitioner by Mrs. Ellison in 1992.

On January 23, 2015, petitioner filed an amended complaint for declaratory judgment and injunctive relief against respondent in which he alleged that he possessed an implied easement through prior use or, in the alternative, an implied easement by necessity, leading from his parcel over the adjoining tract originally granted to Odella Ellis and now owned by respondent.[2] Petitioner also sought punitive damages.[3]

At trial, a series of letters by and between Mrs. Ellison and various county and other public officials over the years were admitted into evidence. The letters related to the fact that the northern access to Mrs. Ellison's property had been fenced/gated and blocked off by her neighbors, the Thompson family, who then owned and still own the land through which the road located to the north of petitioner's property (i.e., the Everett Green Road) ran. According to these letters, Mrs. Ellison used only the northern route to access her property. With regard to the southern route (i.e., Johnson's Crossroads Road), the letters revealed that Mrs. Ellison did not consider it to be a viable route to and from her property because large limestone rocks made it impassable and because the route had not been used, in her words, since "wagon days."

---

[1] This tract was devised to respondent by William Austin Bradley, who owned it from 1962 until his death in 2014. The tract was devised to respondent upon Bradley's death.

[2] According to petitioner, measuring from his property boundaries, the distance across respondent's property to the public road known as Johnson's Crossroads Road is 500 feet while the distance to travel north to the public road known as the Everett Green Road is 2,100 feet. Therefore, traversing respondent's property is the shortest distance to a public road and, based upon the evidence, more convenient for petitioner. As noted above, petitioner elected not to seek an implied easement over parcels located between his property and the Everett Green Road.

[3] Petitioner also alleged, but later withdrew, a claim for a prescriptive easement.

Witness Ernest Ward Lefler, district right-of-way manager at the West Virginia Department of Highways ("DOH"), testified that the portion of the north right-of-way that traverses the Everett Green Road is within the state road system even though the State no longer maintains it because of lack of use. According to Mr. Lefler, if there is a problem with a gate blocking the road, then the DOH will ensure that it is removed.[4] Mr. Lefler also testified that there is a collapsed bridge on the western side of the Everett Green Road but that the eastern side is passable.

Additionally, the current owner of the land bordering the public road through which petitioner must pass to access his property the northern way, Tracy Thompson, testified that there is an open and unlocked gate where the private portion of the northern right-of-way intersects with the Everett Green Road but that his family recognizes petitioner's legal right to traverse the road.

At the close of petitioner's case-in-chief, both parties moved for judgment as a matter of law as to petitioner's claims that he has easements implied by necessity and through prior use. Respondent also moved for judgment as a matter of law on petitioner's claim for punitive damages. The circuit court granted respondent's motion on the issue of punitive damages but denied the remaining motions regarding whether petitioner had an implied easement.

Thereafter, after the close of all the evidence, the parties renewed their motions for judgment as a matter of law. The circuit court denied petitioner's motions and granted respondent's motion for judgment as a matter of law as to the easement implied by necessity. In so ruling, the circuit court relied on the 1939 partition order, which it found "was referring to two different public roads and two different easements here." The court also found the majority of the evidence showed that "when people went to [petitioner's] property by vehicular access . . . . they have traveled to and from this property by way of the [Everett] Green Road, not from the [Johnson's] Crossroads Road." The court was also persuaded by Mrs. Ellison's letters to various officials, finding that "[i]t's pretty clear from this – from all this correspondence that we have that Ms. Ellison believed that [the Everett Green Road] was her right-of-way for vehicular access to this property. And if she couldn't get the gates taken off the road or the barb wire fences cut that were across the road, she wasn't able to get to her property." The court concluded that "there's an abundance of evidence here that there's another way in and out[,]" and "that it appears fairly obvious . . . that there is a right-of-way to the [Everett] Green Road, that [petitioner] can't claim a way of necessity[]" through respondent's property in order to access Johnson's Crossroads Road.

By the same token, the circuit court found that because there is evidence that there is an

---

[4] Mr. Lefler testified that the DOH authorizes private landowners to gate State roads that are not being maintained. He stated that, in the past, the DOH

> would permit gates as long as they did not prevent property owners from entering. Usually, we require that they not be locked gates, but I understand that there are some. Any time that we have an issue with a private property owner and gates, then we require the gate to be removed.

3

easement in both directions to two different public roads, the issue of whether petitioner had an easement implied through prior use through respondent's property should be determined by the jury. The jury thereafter returned a verdict in favor of respondent, finding that petitioner either does not have an implied easement through prior use, or that there was one but that it was subsequently abandoned or distinguished. Petitioner did not appeal the judgment order but, instead, now appeals the circuit court's rulings on the parties' motions for judgment as a matter of law.

Regarding the standard for granting a motion for judgment as a matter of law under Rule 50 of the West Virginia Rules of Civil Procedure, this Court has held that "'[w]hen the plaintiff's evidence, considered in the light most favorable to him, fails to establish a prima facie right to recovery, the trial court should direct a verdict in favor of the defendant.' Syl. Pt. 3, *Roberts ex rel. Roberts v. Gale,* 149 W.Va. 166, 139 S.E.2d 272 (1964)." Syl. Pt. 1, *Brannon v. Riffle*, 197 W. Va. 97, 475 S.E.2d 97 (1996). Furthermore,

> "'"'[u]pon a motion to direct a verdict for the defendant, every reasonable and legitimate inference fairly arising from the testimony, when considered in its entirety, must be indulged in favorably to plaintiff; and the court must assume as true those facts which the jury may properly find under the evidence. Syllabus, *Nichols v. Raleigh-Wyoming Coal Co.,* 112 W.Va. 85 [, 163 S.E. 767 (1932) ].'" Point 1, Syllabus, *Jenkins v. Chatterton,* 143 W.Va. 250[, 100 S.E.2d 808](1957).' Syl. Pt. 1, *Jividen v. Legg,* 161 W.Va. 769, 245 S.E.2d 835 (1978)."

*Brannon,* 197 W. Va. at 98, 475 S.E.2d at 98, at syl. pt. 2. Finally, on appeal, this Court applies "a *de novo* standard of review to the grant or denial of a pre-verdict or post-verdict motion for judgment as a matter of law." *Gillingham v. Stephenson,* 209 W. Va. 741, 745, 551 S.E.2d 663, 667 (2001). Upon such review, "this court, after considering the evidence in the light most favorable to the nonmovant party, will sustain the granting [or denial] of a directed verdict when only one reasonable conclusion as to the verdict can be reached. But if reasonable minds could differ as to the importance and sufficiency of the evidence, a circuit court's ruling . . . will be reversed." *Brannon,* 197 W. Va. at 98, 475 S.E.2d at 98, syl. pt. 3, in part.

We first address petitioner's argument that the circuit court erred in granting respondent's motion for judgment as a matter of law as to petitioner's claim for an easement implied by necessity over respondent's property. Petitioner argues that he proved, by clear and convincing evidence,[5] all of the elements for such an easement and that his motion for judgment as a matter of law on this issue, rather than respondent's, should have been granted.

> To establish an easement implied by necessity (which in West Virginia is called a "way of necessity"), a party must prove four elements: (1) prior common ownership of the dominant and servient estates; (2) severance (that is, a conveyance of the dominant and/or servient estates to another); (3) at the time of

---

[5] *See* Syl. Pt. 2, *Cobb v. Daugherty*, 225 W. Va. 435, 693 S.E.2d 800 (2010) (holding that "'[t]he burden of proving an easement rests on the party claiming such right and must be established by clear and convincing proof.' Syllabus point 1, *Berkeley Development Corp. v. Hutzler*, 159 W.Va. 844, 229 S.E.2d 732 (1976).").

the severance, the easement was strictly necessary for the benefit of either the parcel transferred or the parcel retained; and (4) a continuing necessity for an easement.

Syl. Pt. 4, *Cobb v. Daugherty*, 225 W. Va. 435, 693 S.E.2d 800 (2010).

While the parties agree that the first and second elements were satisfied, they contested the third and fourth elements below. Regarding the third element, petitioner argues that Johnson, the original grantor, expressly conveyed an easement to Edward McNeer, but did not convey an easement to Laura McNeer, petitioner's predecessor-in-title. According to petitioner, it must be implied, therefore, that Johnson intended that Laura McNeer "access her property via the existing road over the Odella Ellis tract [now respondent's tract] and Johnson's Crossroads Road." Petitioner contends that, under these facts, an implied "easement was strictly necessary for the benefit" of the Laura McNeer tract. Petitioner argues that "necessity" in the context of an implied easement by necessity does not require "absolute necessity." *See Id.* at 444 n.10, 693 S.E.2d at 809 n.10 (stating that "'the rule of a strict necessity applicable to an implied reservation or grant of an easement is not limited to one of absolute necessity, but to reasonable necessity as distinguished from mere convenience.'" (quoting *Derifield v. Maynard*, 126 W.Va. 750, 755, 30 S.E.2d 10, 13 (1944)). He argues that the circuit court erred in ruling that, because there were two different public roads over which petitioner could access his property, no "necessity" could exist.

An implied easement by necessity "arises only if, at the time of severance, there was no reasonable access to the landlocked property except by way of claimed easement." *Cobb*, 225 W. Va. at 444, 693 S.E.2d at 809. This Court has also stated that the party seeking to establish an easement implied by necessity must show that it

is strictly necessary to the productive, beneficial, economical or physical use of the dominant estate. . . . If there is an alternate route, even if more difficult or more expensive to use, then no easement is implied by necessity. An easement by necessity is implied only where any other route would be practicably or economically impossible.

*Id.* at 446, 693 S.E.2d at 811. The evidence showed that, at the time of severance, there was an old road bed that traversed the original Johnson parcel that intersected with the Everett Green Road to the north and Johnson's Crossroads Road to the south, crossing the properties now owned by the parties. Given this dual means of access, petitioner has failed to prove that, at the time of severance, there was no reasonable access to the property owned by Laura McNeer except by way of the property owned by Odella Ellis. Having concluded that petitioner failed to prove the third element required for establishing an easement implied by necessity, we need not address the fourth element requiring a "continuing necessity for [the] easement."

The next issue involves petitioner's claim for an easement implied through prior use. The jury concluded that petitioner "either does not have an implied easement over [respondent's]

5

property, or that there was one which was subsequently abandoned or extinguished."[6] On appeal, petitioner argues that the circuit court should have granted his motion for judgment as a matter of law on this issue.

To establish an easement implied by a prior use of the land, a party must prove four elements: (1) prior common ownership of the dominant and servient estates; (2) severance (that is, a conveyance of the dominant and/or servient

[6] During the course of trial, the circuit court orally ruled that petitioner's right of access to the Everett Green Road to the north was by an easement implied through prior use. Petitioner argues on appeal that if petitioner owned such an easement through prior use north to the Everett Green Road, then the circuit court should have also concluded, as a matter of law, that petitioner owned such an easement south to the Johnson's Crossroads Road. However, we note that the circuit court corrected its oral ruling when it subsequently approved the following jury instruction, which explained that petitioner's predecessor-in-title had a legal right of access to the Everett Green Road under what is now West Virginia Code § 36-3-10:

> there is evidence in this case that W.T. Johnson reserved a right of way over the property of T.G. Alderson which led to the public road now known as the Everett[] Green[] Road for the benefit of the remaining property which he owned at that time. You are instructed that pursuant to statute every deed conveying land shall, unless an exception be made therein, be construed to include all buildings, privileges, and appurtenances of every kind belonging to the lands therein embraced, which includes such appurtenances as easement and rights of way. Therefore, any right of which which was reserved by W.T. Johnson over the land of T.G. Alderson was, by operation of law, transferred to Laura McNeer and the subsequent owners of her tract of land even though there was no specific language in her deed conveying the right of way.

> W.Va. Code § 36-3-10[.]

We note that petitioner does not assign the giving of this instruction as error but does suggest that because Johnson conveyed the express easement over the Alderson tract to Edward McNeer, and his deed was recorded first, an implied easement to and from the Everett Green Road was not available to Laura McNeer and her successors in title. Based upon the fact that Edward's deed was recorded first in the deed book, Laura's second, and Odella's third, petitioner asserts that "Johnson chose to convey the Edward McNeer property first" and contends that, consequently, Johnson no longer owned the Edward McNeer tract when he conveyed the Laura McNeer tract. According to petitioner, "Laura McNeer gained nothing by operation of law on the Edward McNeer tract, which itself was landlocked, except for the express grant of easement. Laura McNeer would have only gained an implied easement over the land of Odella Ellis." Notwithstanding petitioner's argument to the contrary, the record is clear that the Johnson deeds to Edward McNeer, Laura McNeer, and Odella Ellis were executed on the same day and that there has been no evidence presented indicating which conveyance occurred first. Because petitioner cites to no legal authority in support of his argument, we find that it is without merit.

estates to another); (3) the use giving rise to the asserted easement was in existence at the time of the conveyance dividing the property, and the use has been so long continued and so obvious as to show that the parties to the conveyance intended and meant for the use to be permanent; and (4) the easement was necessary at the time of the severance for the proper and reasonable enjoyment of the dominant estate.

*Cobb*, 225 W. Va. at 438, 693 S.E.2d at 803, syl. pt. 6.

Viewing the evidence in the light most favorable to respondent, *see Brannon,* 197 W. Va. at 98, 475 S.E.2d at 98, syl. pt. 3, in part, it is clear that the circuit court was unable to conclude, as a matter of law, that all of the elements of an easement implied through prior use were satisfied. At the very least, petitioner failed to prove by clear and convincing evidence that the use of the easement over respondent's property was "so long continued and so obvious as to show that the parties to the conveyance intended and meant for the use to be permanent." *Cobb*, 225 W.Va. at 438, 693 S.E.2d at 803, syl. pt. 6, in part. Although the 1939 partition order indicated that the tract now owned by petitioner "connected with the public road by two easements or rights-of-way leading to, into and from the same connecting with different public roads," the letters between petitioner's great-grandmother and public officials show that she gained access to and from her property using the Everett Green Road, via the property of an adjacent property owner. Given these facts, the circuit court properly permitted the jury to determine whether the easement asserted over respondent's property to the south satisfied all of the elements required to prove an easement implied through prior use. Therefore, we conclude that the circuit court did not err in denying petitioner's motion for judgment as a matter of law on this issue.[7]

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** January 5, 2018

**CONCURRED IN BY:**

Chief Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

---

[7] The jury was instructed that petitioner was required to prove, by clear and convincing evidence, that the easement was not "merely convenient" to his enjoyment of his property and that an easement may be abandoned or extinguished by adverse possession. Petitioner does not appeal the giving of these instructions or the jury's verdict that found that petitioner "either does not have an implied easement over [respondent's] property, or that there was one which was subsequently abandoned or extinguished."

7